UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

**INNOVATION VENTURES, LLC**,
a Michigan limited liability company,

    *Plaintiff*,

vs.

**BHELLIOM ENTERPRISES CORP.**
a Florida corporation,
,

    *Defendant*.

Hon._____

Civ. Action No. _____

*JURY TRIAL DEMANDED*

MARK A. CANTOR    (P32661)
THOMAS W. CUNNINGHAM    (P57899)
BRIAN C. DOUGHTY    (P71652)
**BROOKS KUSHMAN P.C.**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075
(248) 358-4400

    *Attorneys for Plaintiff*

# COMPLAINT
# AND JURY DEMAND

Plaintiff, Innovation Ventures, LLC, does hereby allege for its Complaint against the Defendant as follows:

## I. THE PARTIES AND JURISDICTION

1.      Plaintiff, Innovation Ventures, LLC(hereinafter "Living Essentials"), is a Michigan limited liability company, having its principal offices at 38955 Hills Tech Dr., Farmington Hills, Michigan 48331.

2.      Upon information and belief, defendant is a Florida corporation with its principal place of business at 20423 State Road 7, Suite 275, Boca Raton, Florida 33498. Defendant distributes, offers for sale and sells the accused supplement as described herein (see paragraphs 14, 25 and 34) in the United States, in the State of Michigan and this District.

3.      This Court has subject matter jurisdiction over the claims herein pursuant to 15 U.S.C. §§ 1121, 28 U.S.C. §1331, and 28 U.S.C. § 1338(a) in that this case arises under the trademark laws of the United States.

4.      This Court has personal jurisdiction over the Defendant because the Defendant is conducting business in the State of Michigan and this District as alleged above, and is committing acts of infringement in this District.  To the extent not already established on the record in hand, the factual contentions of paragraph 4 above are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## II.  FACTUAL BACKGROUND

A.  **Living Essentials and Its Asserted Trademark**

5. Living Essentials is a national marketer and distributor of nutritional and dietary supplements sold under its many trademarks.

6. Living Essentials is the current owner of all rights in the 5-HOUR ENERGY Trademark used by Living Essentials since at least 2004 as a trademark for use with the 5-HOUR ENERGY supplements.

7. Living Essentials has used the 5-HOUR ENERGY Trademark as its trademark continuously since at least 2004 to the present.

8. The 5-HOUR ENERGY Trademark symbolizes business goodwill of Living Essentials, and is an intangible asset of substantial commercial value.

9. Since 2004, long prior to the acts of the Defendant herein alleged, Living Essentials and its authorized distributors, dealers, and licensees have used the 5-HOUR ENERGY Trademark in connection with its supplements, including in connection with promotion, marketing and advertising of supplements, for sale in the United States, including this District.  These products are hereinafter collectively referred to as the "5-HOUR ENERGY Products."

10. The total sales of the 5-HOUR ENERGY Products since 2004 have amounted to well over $200 million dollars.

11. As a result of such continuous use and extensive sales, advertising and promotion of the 5-HOUR ENERGY Trademark by Living Essentials, its authorized dealers, licensees, and distributors, the marks and products associated with the 5-HOUR ENERGY Trademark enjoys recognition and notoriety in the United States, and is recognized by the public as emanating from Living Essentials.

12. The 5-HOUR ENERGY Trademark is a famous mark and represents property of great value and goodwill to Living Essentials.

**B.   Defendant's Activities**

13. Defendant advertises a dietary supplement under the names 8-HR ENERGY and 8-HOUR ENERGY (collectively referred to herein as 8-HOUR ENERGY.)

14. Defendant's 8-HOUR ENERGY product is a competing energy product that it markets and sells in interstate commerce throughout the United States.

15. Defendant advertises its 8-HOUR ENERGY product in commercial advertising across the United States.

16. Rather than engage in fair competition in the marketplace, however, and allow consumers to exercise their own choice, defendant has resorted to trademark infringement and false advertising to attempt to promote its 8-HOUR ENERGY product.

17.  Subsequent to Living Essentials' use of the 5-HOUR ENERGY Trademark as above alleged, and with actual knowledge of Living Essentials' use of the 5HOUR ENERGY® Trademark, and with the intent to misrepresent the source of defendant's goods, defendant copied, adopted and is using the confusingly similar 8-HOUR ENERGY phrases in connection with the advertising, offering for sale and sale of supplements in the United States, in the State of Michigan, and this District.  A photograph of Defendant's advertising is illustrated below:



18.  Defendant has no consent, license, approval or other authorization to use the 5-HOUR ENERGY Trademark, or confusingly similar variations thereof, in connection with its products.

19.  Defendant's use of the famous 5-HOUR ENERGY Trademark as alleged in the foregoing paragraphs clearly shows the willful intent of the Defendant to misrepresent the source of Defendant's goods so as to cause confusion, mistake or to deceive as to Defendant's connection or association with Living Essentials.

20. In addition to misrepresenting the source of its goods, defendant also resorted to false advertising to promote its 8-HOUR ENERGY products to discourage customers from purchasing Living Essentials' products.

21. The 8-HOUR ENERGY names, are themselves false and misleading because they state, or at least imply, that defendant's 8-HOUR ENERGY products provide a sustained level of energy for eight (8) hours to the consumer, and have no secondary meaning.

22. In additional advertisements as shown above, defendant claims that its products "deliver a full 8 hours of ENERGY!" and shows a graph that represents to the consumer that its products provide energy for ten (10) hours, and that competing products crash after two (2) hours.

23. Upon information and belief, defendant's advertising of its "8-HOUR ENERGY" products, is false and misleading because these products do not provide eight (8) hours of sustained energy to the consumer.

### III. COUNT I
### FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP, FALSE ADVERTISING, TRADEMARK AND TRADE DRESS <u>INFRINGEMENT UNDER 15 U.S.C. § 1125(a)</u>

24.   The allegations of the previous paragraphs are incorporated herein by reference.

25.   Defendant has knowingly used and continues to use in commerce the 8-HOUR ENERGY names, that are confusingly similar and/or colorable imitations of Living Essentials' 5-HOUR ENERGY Trademark, in connection with the products and services that the defendant manufactures, advertises, promotes, and sells.  Defendant has used colorable imitations of the 5-HOUR ENERGY Trademark knowing that the names will cause confusion with Living Essentials' 5-HOUR ENERGY 2-ounce shot.

26.   Defendant's use of 8-HOUR ENERGY alleged above is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of defendant's products and services, and is likely to cause such people to believe in error that defendant's products and services have been authorized, sponsored, approved, endorsed, or licensed by Living Essentials or that the defendant is in some way affiliated with Living Essentials or with the 5 HOUR ENERGY brand.

27.   Defendant's acts constitute false and misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of defendant's goods, and constitute a violation of 15 U.S.C. § 1125(a).

28. By reason of defendant's actions, Living Essentials has suffered irreparable harm to the valuable 5-HOUR ENERGY Trademark. Unless defendant is restrained from its actions, Living Essentials will continue to be irreparably harmed.

29. Living Essentials has no remedy at law that will compensate for the continued and irreparable harm that will be caused if defendant's acts are allowed to continue.

30. As a direct and proximate result of defendant's conduct, Living Essentials has suffered damages to its valuable 5-HOUR ENERGY Trademark and other damages in an amount to be proved at trial.

### IV.  COUNT II
### <u>COMMON LAW TRADEMARK INFRINGEMENT</u>

31. The allegations of the foregoing paragraphs are incorporated herein by reference.

32. Living Essentials was the first to use the 5-HOUR ENERGY Trademark or any mark similar thereto in association with the sale of any product and service.  As a result of the continued sale by Living Essentials of 5-HOUR ENERGY Products bearing the 5-HOUR ENERGY Trademark since approximately 2004, the 5-HOUR ENERGY Trademark has become widely known and Living Essentials has become identified in the public mind as the manufacturer and/or licensor of the products to which the 5-HOUR ENERGY Trademark is applied.

33. As a result of the experience, care, and service of Living Essentials in producing 5-HOUR ENERGY Products, 5-HOUR ENERGY Products have become widely known and have acquired a worldwide reputation for quality, durability, and performance.  Moreover, the 5-HOUR ENERGY Trademark has become associated with 5-HOUR ENERGY Products, and have come to symbolize the reputation for quality and excellence of 5-HOUR ENERGY Products.  As such, the 5-HOUR ENERGY Trademark has become distinctive.

34. Defendant, with knowledge of and with intentional disregard of Living Essentials' rights, continues to advertise, promote, and sell products and services using confusing

imitations the 5-HOUR ENERGY Trademark. Such acts by the defendant have caused and continue to cause confusion as to the source and/or sponsorship of defendant's products.

35. Defendant's acts constitute willful infringement of Living Essentials exclusive rights in the 5-HOUR ENERGY Trademark, in violation of the common law. By reason of defendants' actions, Living Essentials has suffered irreparable harm to the valuable 5-HOUR ENERGY Trademark. Unless defendant is restrained from further infringement of the 5-HOUR ENERGY Trademark, Living Essentials will continue to suffer irreparable harm.

36. Living Essentials has no remedy at law that will adequately compensate it for the irreparable harm that it will suffer if defendant's conduct is allowed to continue.

37. As a direct and proximate result of defendant's conduct, Living Essentials has suffered and will continue to suffer damages to the valuable 5-HOUR ENERGY Trademark, damage and injury to its business, substantial loss of revenue and profit, and will continue to suffer other damages in an amount to be proved at trial.

## V. COUNT III
## FALSE ADVERTISING BASED ON FALSE
## AND/OR MISLEADING ADVERTISING STATEMENTS

38. The allegations of the foregoing paragraphs are incorporated herein by reference.

39. In defendant's advertisements, defendant, in active commercial competition with Living Essentials, has made false and/or misleading statements of fact concerning its 8-HOUR ENERGY product.

40. These statements are made in interstate commerce in connection with defendants' products.

41. These statements are made in promotion of defendant's products and falsely represent the nature of quality of defendant's products.

42. Defendant has made false or misleading statements with knowledge of their falsity and/or misleading character, and/or willfully and with reckless disregard for their falsity or misleading character.

43. Defendant's statements have confused and deceived a segment of their intended audience.

44. Defendant's statements are material as they relate to customers' purchasing decisions.

45. Defendant caused and directed its false or misleading statements to enter interstate commerce.

46. Living Essentials has been and will continue to be injured by defendant's false and/or misleading statements.

47. Living Essentials' damages includes direct diversion of sales from Living Essentials to defendant or by a lessening of the good will associated with its products.

48. Defendant's false and/or misleading statements violate the Lanham Act, 15 U.S.C. § 1125.

49. Living Essentials is irreparably harmed, has no adequate remedy at law and is entitled to injunctive relief.

50. Defendant's intentional and willful violations entitle Living Essentials to recover three times its actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1117.

## VI.  **DEMAND FOR RELIEF**

WHEREFORE, Living Essentials demands entry of a judgment granting relief against the Defendants as follows:

    A.    A determination that the defendant has violated 15 U.S.C. § 1125(a), that Living Essentials has been damaged by such violations, and that the defendant is liable to Living Essentials for such violations;

    B.    A determination that the defendant has committed common law trademark infringement, that Living Essentials has been damaged by such infringement, and that defendant is liable to Living Essentials for common law trademark infringement;

    C.    A determination that defendant is liable to Living Essentials for false advertising;

    D.    A determination that this case is "exceptional," in the sense of 15 U.S.C. § 1117(a);

    E.    Under all claims for relief, that injunction be temporarily, preliminarily, and permanently issued enjoining defendant, its officers, employees, agents, successors and assigns, and all those in active concert and participation with them, and each of them who receives notice directly or otherwise of such injunctions, from:

        (1)    using 8-HOUR ENERGY and/or 8-HR ENERGY on its supplements;

    (2) imitating, copying, or making any unauthorized use of the 5-HOUR ENERGY Trademark and Packaging Trade Dress;

    (3) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any service or product using any simulation, reproduction, counterfeit, copy, or colorable imitation of either the 5-HOUR ENERGY Trademark;

    (4) using any simulation, reproduction, counterfeit, copy or colorable imitation of the 5-HOUR ENERGY Trademark in connection with the promotion, advertisement, display, sale, offer for sale, manufacture, production, circulation or distribution of any product or service;

    (5) using any false designation of origin or false description (including, without limitation, any letters, symbols, or designs constituting the 5-HOUR ENERGY Trademark) or performing any act, which can, or is likely to, lead members of the trade or public to believe that any service or product manufactured, distributed or sold by Defendants are in any manner associated or connected with Living Essentials, the 5-HOUR ENERGY brand, or the 5-HOUR ENERGY Trademark, or is sold, manufactured, licensed, sponsored, approved or authorized by Living Essentials.

    (6) falsely advertising the efficacy of its products, or performing any act that would mislead consumers about the efficacy of defendants' products.

    F. For an order directing that defendants deliver for destruction all products, labels, tags, signs, prints, packages, videos, and advertisements in their possession or under their

control, bearing or using the 5-HOUR ENERGY Trademark or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, pursuant to 15 U.S.C. § 1118;

   G. For an order directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any service or product manufactured, sold or otherwise circulated or promoted by defendants are authorized by Living Essentials or related in any way to 5-HOUR ENERGY Products;

   H. For an Order directing the defendants and their agents, employees, servants, attorneys, successors, and assigns, and all others in privity or acting in concert therewith, to file with this Court, and serve upon Living Essentials' counsel within thirty (30) days after entry of such judgment, a written report under oath, setting forth in detail the manner and form in which they have complied with such judgment;

   I. An Order permitting Living Essentials, and/or auditors of Living Essentials, to audit and inspect the books, records, and premises of the defendants and related entities for a period of six (6) months after entry of final relief in this matter, to determine the scope of the defendant's past use of Living Essentials' intellectual property, including all manufacturing, distribution, and sales of products bearing the 5-HOUR ENERGY Trademark, as well as the defendant's compliance with the orders of this Court;

   J. For an award of Living Essentials' damages trebled or, alternatively, an award of defendant's wrongful profits trebled, whichever is greater, plus Living Essentials' costs and attorney's fees, pursuant to 15 U.S.C. § 1117;

  K. For an award of Living Essentials' damages arising out of defendant's acts;

  L. For an order requiring defendant to file with the Court and provide to Living Essentials an accounting of all sales and profits realized by Defendants through the use of the 5-HOUR ENERGY Trademark and any counterfeits thereof;

  M. For an award of interest, including pre-judgment interest on the foregoing sums;

  N. For such other and further relief as the Court may deem just and appropriate.

## VII. DEMAND FOR JURY

Plaintiff, Living Essentials, demands a trial by jury for all issues so triable.

Respectfully submitted,

By: /s/ Thomas W. Cunningham
MARK A. CANTOR (P32661)
THOMAS W. CUNNINGHAM (P57899)
BRIAN C. DOUGHTY (P71652)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
(248) 358-4400; (248) 358-3351 (fax)
E-mail: mantor@brookskushman.com
 mlorelli@brookskushman.com
 tcunningham@brookskushman.com
 bdoughty@brookskushman.com

Dated: September 24, 2009

*Attorneys for Plaintiff*