UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC,

       Plaintiff,

                                                                                  Case No. 09-13783

vs.                                                                            Hon. Lawrence P. Zatkoff

BHELLIOM ENTERPRISES CORP.,

       Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 11, 2010

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's motion to dismiss Defendant's counterclaims IV and V [dkt 14]. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. LR 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's motion to dismiss [dkt 14] is GRANTED.

**II. BACKGROUND**

Plaintiff Innovation Ventures, LLC produces a two-ounce energy shot drink known as "5-HOUR ENERGY", while Defendant Bhelliom Enterprises Corp. produces a two-ounce energy shot drink product known as "8-HR ENERGY". Plaintiff filed this action in federal court, alleging false

designation of origin or sponsorship and false advertising under 15 U.S.C. §1125(a). Defendant has filed several counterclaims, including two arising under the Sherman Act, 15 U.S.C. § 2, for monopolization (Count IV) and attempted monopolization (Count V) of the two-ounce energy shot beverage market. Defendant alleges that Plaintiff engaged in three anti-competitive actions in violation of the Sherman Act: (1) Plaintiff informed retailers of a product recall for a two-ounce energy shot drink, which was advertised as a "6-hour energy shot", and improperly characterized its statement as a "Legal Notice"; (2) Plaintiff committed fraud on the United States Patent and Trademark Office ("USPTO") when it applied for its registration of the "5-HOUR ENERGY" trademark on the Supplemental Register; and (3) Plaintiff has filed numerous frivolous lawsuits against competitors, including Defendant, based on Plaintiff's fraudulently obtained registration with the USPTO. Plaintiff claims that Defendant lacks standing to assert these claims and, alternatively, that Defendant has failed to state claims upon which relief can be granted. Defendants requests the opportunity to amend its pleadings if the Court requires additional specificity.

## III. STANDARD OF REVIEW

"For purposes of ruling on a motion to dismiss for lack of standing, a complaint must be viewed in the light most favorable to the plaintiff; all material allegations of the complaint must be accepted as true." *Am. Fed'n of Gov't Employees v. Clinton*, 180 F.3d 727, 729 (6th Cir. 1999). "The plaintiff, as the party invoking federal subject matter jurisdiction, has the burden of persuading the court that all of the requirements necessary to establish standing to bring the lawsuit have been met." *Vermeylen v. ProQuest Co.*, No. 06-12327, 2007 U.S. Dist. LEXIS 29577, at *13-14 (E.D. Mich. Apr. 23, 2007) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "To satisfy Article III's standing requirements, a plaintiff must show: '(1) it has suffered an 'injury in fact' that is (1)

2

concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Cleveland Branch, NAACP v. City of Parma, Ohio*, 263 F.3d 513, 523-24 (6th Cir. 2001) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000)).

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of Plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). Thus, a plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). *See also Ashcroft v. Iqbal*, __ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

Pursuant to Fed. R. Civ. P. 15(a)(2), a court should grant leave to amend "when justice so

requires." Among the Court's considerations in deciding whether to allow an amendment are "the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failures to cure deficiencies by the previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001). "[A] motion to amend a complaint should be denied if the amendment . . . would be futile." *PT Pukuafu Indah v. U.S. Sec. & Exch. Comm'n*, No. 09-10943, 2009 U.S. Dist. LEXIS 92997, at *3 (E.D. Mich. Oct. 6, 2009) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)." *PT Pukuafu Indah*, 2009 U.S. Dist. LEXIS 92997, at *3 (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

## IV. ANALYSIS

**A.   LEGAL NOTICE**

In June 2008, Plaintiff notified the retailers of its product that a federal district court ordered a recall for a 6-hour energy shot beverage. The notice was titled, "Legal Notice," but Defendant claims that Plaintiff concealed the fact that the product was recalled due to trade dress infringement, as opposed to trademark infringement. However, Defendant does not allege, and the Court cannot conceive, how the notice related to a 6-hour energy shot drink could have caused Defendant, who produces an 8-hour energy shot drink, to have suffered an injury-in-fact. The only injury giving rise to Article III standing, as argued by Defendant in its response, is that Defendant has been subjected to legal action that Plaintiff is responsible for. Without alleging an injury in fact arising from Plaintiff's "Legal Notice", the Court finds that Defendant lacks standing to assert this claim. The

4

Court also finds that amending the complaint would be futile because Defendant has not provided the Court with any other facts that would support the existence of Article III standing for this claim.

## B.  ALLEGED FRAUD ON USPTO

Defendant alleges that Plaintiff violated the Sherman Act in part by committing fraud in obtaining a supplemental registration with the USPTO for its "5-HOUR ENERGY" trademark. In its counterclaim, Defendant alleges numerous facts supporting this assertion. However, Defendant does not allege, nor can the Court conceive, how Plaintiff's alleged fraudulent registration with the USPTO could have caused Defendant to suffer an injury in fact. Significantly, Plaintiff is not asserting its rights pursuant to its registration against Defendant; rather, Plaintiff is asserting its common law trademark rights, which exist independent of its registration:

> It is difficult to understand why defendants in many trademark infringement suits expend so much time, effort and money in vigorously pursuing the claim that plaintiff's federal registration was obtained by fraud. It has been held several times that even if defendant succeeds in proving that the plaintiff's registration was fraudulently obtained, plaintiff's common law rights in the mark continue unabated and are sufficient to require an injunction against an infringing defendant. In addition, plaintiff's separate federal rights in unregistered marks under Lanham Act § 43(a) continue unabated even if a registration is disregarded or cancelled.

6 *McCarthy on Trademarks* § 31.60 (4th ed. 2010). *See also San Juan Prods., Inc. v. San Juan Pools of Kansas, Inc.*, 849 F.2d 468, 474 (10th Cir. 1988) ("Trademark rights are created by use, not registration."). Defendant has provided the Court with no legal authority supporting the opposite conclusion. Accordingly, the Court finds that Defendant has failed to allege that it suffered an injury in fact due to Plaintiff's alleged fraud in obtaining its supplemental registration with the USPTO, and that Defendant therefore lacks standing to assert this claim. The Court also finds that amending the complaint would be futile because Defendant has not provided the Court with any other facts that

would support the existence of Article III standing for this claim.

## C. ALLEGED FRIVOLOUS LAWSUITS

Defendant claims that Plaintiff has violated the Sherman Act by initiating frivolous or sham litigation in an effort to drive energy shot competitors from the marketplace. Defendant has identified six other lawsuits filed by Plaintiff, which are similar to this case, and claims that these lawsuits are frivolous because Plaintiff "knows that its registration on the Supplemental Register of the United States Patent and Trademark Office ('USPTO') indicates that the [5-HOUR ENERGY] mark is weak and unenforceable."

However, the Court finds that this claim fails to state a claim upon which relief can be granted. As discussed in Part IV(B), *supra*, Plaintiff may maintain non-frivolous actions based on its common law trademark rights derived from the use of its product regardless of the strength of its registration. While Defendant claims that this, and each of the other lawsuits initiated by Plaintiff are frivolous, Defendant has failed to demonstrate that any of the other alleged frivolous cases were dismissed as such. Moreover, Plaintiff is not asserting its registration against Defendant in this case; thus, Defendant's argument that this action is frivolous because Plaintiff knows that its registration is weak is based on a false premise.

Even accepting Defendant's assertion that the six other lawsuits initiated by Plaintiff are frivolous, the Court finds that Defendant has nevertheless failed to allege that these lawsuits caused Defendant to suffer an injury in fact, and that Defendant therefore lacks standing to assert this claim. The Court also finds that amending the complaint would be futile because Defendant has not provided the Court with any other facts that would support the existence of a valid claim or Article III standing for this alleged violation.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion to dismiss [dkt 14] is GRANTED.

IT IS SO ORDERED.

                                                S/Lawrence P. Zatkoff
                                                LAWRENCE P. ZATKOFF
                                                UNITED STATES DISTRICT JUDGE

Dated: August 11, 2010

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 11, 2010.

                                                S/Marie E. Verlinde
                                                Case Manager
                                                (810) 984-3290