UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

INNOVATION VENTURES, LLC,
a Michigan Limited Liability Company,                    Case No.: 2:09-cv-13783-LPZ-MJH

       Plaintiff and Counter-Defendant,                    Hon. Lawrence P. Zatkoff

-vs-                                                     Michael J. Hluchaniuk
                                                         U.S. Magistrate Judge

BHELLIOM ENTERPRISES CORP.,
a Florida corporation,

       Defendant and Counter-Plaintiff.
_____

Marc Lorelli (P63156)                         James K. Thome (P25629)
Thomas W. Cunningham (P57899)                  Vandeveer Garzia, PC
Brooks Kushman PC                             Attorneys for Defendant/Counter-Plaintiff
Attorneys for Plaintiff/Counter-Defendant     1450 West Long Lake Road
1000 Town Center, 22nd Floor                  Suite 100
Southfield, MI 48075                          Troy, MI 48098
(248) 358-4400                                (248) 312-2800
mlorelli@brookskushman.com                    jthome@VGpcLAW.com
_____

**BHELLIOM'S RESPONSE TO INNOVATION'S MOTION FOR SUMMARY
JUDGMENT ON BHELLIOM'S COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

       The defendant and counter-plaintiff, Bhelliom Enterprises Corporation

("Bhelliom"), by its attorneys, Vandeveer Garzia, PC, for its response to the plaintiff and

counter-defendant's Motion for Summary Judgment on Bhelliom's Counterclaims and

Affirmative Defenses, states as follows:

       1.     The plaintiff and counter-defendant, Innovation Ventures, Inc.

("Innovation"), and Bhelliom Enterprises Corporation ("Bhelliom"), the defendant and

counter-plaintiff, market and sell nutritional supplements including products called

"energy shots".  They are competitors with respect to those products.

2.      Bhelliom markets and sells products under its trademark, Mr Energy® (the "Mr Energy® mark").

3.      Bhelliom is the owner of the Mr Energy® mark which has been used continuously since at least January 2005 in connection with the marketing, promotion and sale of its dietary and nutritional supplement products.

4.      The Mr Energy® mark is registered on the Trademark Principal Register of the United State Patent and Trademark Office under registration number 3,050,438.

5.      Innovation used to market and sell an energy shot with the name "Chaser 5-hour Energy", but dropped its "Chaser" trademark from the title or name of its energy shot products, and now markets its energy shot products with generic terms for its name, that is, the highly descriptive and common descriptive title of "5-hour Energy".

6.      Bhelliom markets and sells an energy shot product named "Mr Energy® 8-HR Maximum Strength Energy".

7.      Bhelliom markets and sells a capsule or pill product named "Mr Energy® 8-HR Maximum Strength Energy".

8.      The Mr Energy® line of products includes a variety of products and supplements, in a variety of forms that use unique and distinctive logos, labeling, packaging, and container combinations and configurations.

9.      Bhelliom's has promoted its Mr Energy® line of products primarily on the Internet.

10.     The Mr Energy® mark distinguishes the Mr Energy® line of products and designates Bhelliom as the source of those products that are marketed under the Mr Energy® mark.

11.     The Mr Energy® mark is inherently distinctive.

12.     The Mr Energy® mark is arbitrary and fanciful, or at least subjective, and not descriptive or generic.

13.     In connection with the marketing, advertising, and selling of its products, the plaintiff also makes extensive use of the Internet.  That use involved a web site entitled "Ask the Energy Guy", http://www.5hourenergy.com/askenergyguy.asp and http://www.5hourenergy.com/askenergyguy-archive.asp.  This web site is now entitled "The Energy Inquirer", http://www.5hourenergy.com/askenergyguy.asp.

14.     In connection with the marketing and sale of its nutritional products, Innovation has, on occasion, used the Mr Energy® mark.

15.     The plaintiff's use of the Mr Energy® mark was intentional.

16.     Innovation has no trademark or other intellectual property rights in the Mr Energy® mark.

17.     Bhelliom has never authorized or licensed the plaintiff to use the Mr Energy® mark.

18.     The use of the Mr Energy® mark, or colorable imitations of that mark, by Innovation in connection with the marketing, promotion, and sale of any of its products is likely to confuse, mislead or deceive customers, potential purchasers, and members of the public as to the origin, source, sponsorship, or affiliation of Innovations products and services, and is likely to cause people to believe or assume that Innovation's products and services have been authorized, sponsored, approved, endorsed or licensed by Mr Energy® or Bhelliom or that the plaintiff is affiliated with Bhelliom or the Mr Energy® brand and mark.

19.   Innovation's prior willful use and possible future use of Bhelliom's registered trademark constitutes use of a reproduction, copy, or colorable imitation of that registered mark in connection with the sale, offering for sale, distribution, and advertising of goods.

20.   Innovation's activities are in violation of §§ 32, 34, and 35 of the Lanham Act (15 USC §§1114, 1116, and 1117).

21.   Based upon Innovation's past behavior, Bhelliom is apprehensive and believes that Innovation may use the Mr Energy® mark in the future promotion, advertising, marketing, and sales of its products unless it is enjoined from doing so by the court.

22.   Innovation's past willful use and threatened continued use of Bhelliom's Mr Energy® mark is likely to dilute the distinctive quality of the Mr Energy® products and the fact that their source is Bhelliom and not Innovation.

23.   Innovation's activities are in violation of §43(c) of the Lanham Act (15 USC §1125(c)).

24.   Innovation's past willful use and possible future use of the Mr Energy® mark constitutes a false designation of origin and sponsorship of its goods and services.

25.   Innovation's use of the Mr Energy® mark statements have a tendency to confuse and deceived a segment of their intended audience.

26.   Bhelliom's affirmative defenses are supported by the evidence to date and have been pled in order to put Innovation on reasonable notice of what it believes the evidence will show in this case at the time of trial.

4

WHEREFORE, Bhelliom respectfully requests the Court for the following relief:

A.      That the Court deny Innovation's motion for summary judgment on Bhelliom's counterclaims and affirmative defenses;

B.      That the Court find that Innovation has infringed the Mr Energy® mark;

C.      That the Court enter a summary judgment in favor of Bhelliom and against Innovation dismissing all counts of Innovation's complaint against Bhelliom with prejudice;

C.      That the Court grant Bhelliom any and all further relief to which the Court finds Bhelliom is justly entitled including costs and attorney fees.

s/ James K. Thome
James K. Thome
Vandeveer Garzia, PC
Attorneys for Defendant
1450 West Long Lake Road
Suite 100
Troy, MI  48098
(248) 312-2800
jthome@VGpcLAW.com
P25629

February 15, 2011

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

INNOVATION VENTURES, LLC,
a Michigan Limited Liability Company,          Case No.: 2:09-cv-13783-LPZ-MJH

     Plaintiff and Counter-Defendant,          Hon. Lawrence P. Zatkoff

-vs-                                           Michael J. Hluchaniuk
                                               U.S. Magistrate Judge
BHELLIOM ENTERPRISES CORP.,
a Florida corporation,

     Defendant and Counter-Plaintiff.
_____

Marc Lorelli (P63156)                     James K. Thome (P25629)
Thomas W. Cunningham (P57899)               Vandeveer Garzia, PC
Brooks Kushman PC                         Attorneys for Defendant/Counter-Plaintiff
Attorneys for Plaintiff/Counter-Defendant  1450 West Long Lake Road
1000 Town Center, 22nd Floor              Suite 100
Southfield, MI  48075                     Troy, MI 48098
(248) 358-4400                            (248) 312-2800
mlorelli@brookskushman.com                jthome@VGpcLAW.com
_____


**BRIEF IN SUPPORT OF BHELLIOM'S RESPONSE TO INNOVATION'S MOTION
FOR SUMMARY JUDGMENT ON BHELLIOM'S COUNTERCLAIMS AND
AFFIRMATIVE DEFENSES**

## TABLE OF CONTENTS

Statement of Issues Presented ............................................................................... iii

Controlling or Most Appropriate Authority............................................................. iv

Index of Authorities................................................................................................. v

Argument.................................................................................................................1

   Facts and Introduction ......................................................................................1

   Summary Judgment Standard...........................................................................3

   General Principles of Trademark Law ...............................................................4

   Trademark Infringement - Likelihood of Confusion...........................................5

   Dilution - 15 USC 1125(c) .................................................................................8

   Fair Use - 15 USC 1115(b)(4) ..........................................................................9

   Bhelliom's Defenses.........................................................................................9

Conclusions...........................................................................................................11

Relief Requested...................................................................................................11

Certificate of Service ............................................................................................12

**STATEMENT OF ISSUES PRESENTED**

1.      Whether the Court should deny the counter-defendant's motion for summary judgment on Bhelliom's counterclaims and grant the counter-plaintiff a partial summary judgment pursuant to Federal Rule of Civil Procedure 56, finding that the counter-defendant has infringed the counter-plaintiff's registered trade mark, Mr Energy®.


2.      Whether the Court should deny the counter-defendant's motion for summary judgment on Bhelliom's affirmative defenses.

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**


Federal Rules of Civil Procedure 12 and 56


The United States Trademark Act of 1946 (the Lanham Act), 15 USC 1051, et seq.


Frisch's Restaurants, Inc v Elby's Big Boy of Steubenville, Inc, 670 F 2d 642 (6th Cir 1982), cert denied, 459 U S 916 (1982)

## INDEX OF AUTHORITIES

<u>Cases</u>

Abercrombie & Fitch Co v Hunting World, Inc, 537 F 2d 4 (2d Cir 1976) ...................... 4

Anderson v Liberty Lobby, Inc,
477 U S 242, 251-52, 106 S Ct 2505, 91 L Ed 2d 202 (1986)......................................... 3

Beer Nuts, Inc  v Clover Club Foods, 711 Fed 2d 934 (10th Cir 1983) ............................ 9

Canderm Pharmacal v Elder Pharmaceuticals, 862 F 2d 597, 601 (6th Cir 1988).......... 4

Carson v Here's Johnny Portable Toilets, Inc, 698 F 2d 831 (6th Cir 1983)................... 6

Celotex Corporation v Catrett, 477 U S 317, 106 S Ct 2548,
81 L Ed 2d 265 (1986).................................................................................................. 4

DeGidio v West Group, 355 F 3d 506 (6th Cir 2004),
cert den, 542 U S 904, 124 S Ct 2842, 159 L Ed 2d 268 (2004) ................................. 4, 5

Felix v Young, 536 F 2d 1126, 1135 (6th Cir 1976)......................................................... 4

Ford Motor Co v Transport Indemnity Co, 795 F 2d 538, 546 (6th Cir 1986) ................ 10

Frisch's Restaurants, Inc v Elby's Big Boy of Steubenville, Inc,
670 F 2d 642 (6th Cir 1982), cert denied, 459 U S 916 (1982)  ....................................iv, 6

Horton v Potter, 369 F 3d 906, 909 (6th Cir 2004) ......................................................... 4

Induct-O-Matic v Inductotherm Corp, 747 F 2d 362 (6th Cir 1984) ................................. 5

Lindsay v Yates, 578 F 3d 407, 414 (6th Cir 2009) ......................................................... 4

Miller Brewing Co v G. Heileman Brewing Co, Inc, 561 F 2d 75 (7th Cir 1977)
cert den, 434 U S 1025 (1978) .................................................................................... 4, 5

Monday v Oullette, 118 F 3d 1099, 1101-2 (6th Cir 1997) ............................................... 3

Sagan v United States, 342 F 3d 493, 497 (6th Cir 2003)................................................. 3

Smith v Hudson, 600 F 2d 60, 63 (6th Cir 1979) ............................................................ 4

Talley v Bravo Pitino Rest Ltd, 61 F 3d 1241, 1245 (6th Cir 1995) ................................. 3

Therma-scan, Inc v Thermo-scan, Inc, 295 F 3d 623, 629 (6th Cir 2002).................... 5, 6

Two Pesos, Inc v Taco Cabana, 505 U S 763, 112 S Ct 2753,
120 L Ed 2d 615 (1992).................................................................................. 5

Warner Brothers, Inc v Gay Toys, Inc, 658 F 2d 76 (2d Cir 1981) ................................. 6

Wynn Oil Co v Thomas ("Wynn Oil I"), 839 F 2d 1183 (6th Cir 1988) ........................ 5, 6

<u>Federal Rules of Civil Procedure</u>

Fed R Civ P 8(c)........................................................................................... 10

Fed R Civ P 8(c)(1) ........................................................................................ 9

Fed R Civ P 12...............................................................................................iv

Fed R Civ P 12(b)........................................................................................... 10

Fed R Civ P 56 ........................................................................................... iv, 3

Fed R Civ P 56(c)(2) ....................................................................................... 3

<u>United States Code</u>

15 USC 1051-1129, United States Trademark
Act of 1946 (Lanham Act)................................................................................iv

15 USC 1114................................................................................................. 2

15 USC 1115(b)(4) .......................................................................................... 9

15 USC 1116................................................................................................. 2

15 USC 1117................................................................................................. 2

15 USC 1125(a) ............................................................................................. 5

15 USC 1125(c) .......................................................................................... 2, 8

**ARGUMENT**

<u>FACTS AND INTRODUCTION</u>

Plaintiff Innovation Ventures, LLC. ("Innovation", also known as Living Essentials) and Bhelliom Enterprises Corporation ("Bhelliom") market, distribute and sell nutritional and dietary supplements, including 2 ounce liquid products called "energy shots". Complaint, Dkt 1, ¶¶5, 13, 14, 25. Innovation markets and sells a product with the generic description "5-hour Energy". Complaint, Dkt 1, ¶¶6-12. Innovation controls 75-85% of the energy shot market. Innovation claims that its total sales "since 2004 have amounted to well over $200 million dollars." Complaint, Dkt 1, ¶10.

Bhelliom markets and sells two products involved in this case, its Mr Energy® 8-HR Maximum Strength Energy shot and its Mr Energy® 8-HR Maximum Strength Energy pills or capsules. Bhelliom also markets and distributes other products under its Mr Energy® trademark ("the Mr Energy® products").

Bhelliom is the owner of the Mr Energy® mark ("the Mr Energy® mark") which has been used continuously since at least January 2005 in connection with the marketing, promotion and sale of its dietary and nutritional supplement products. The Mr Energy® mark is registered on the Trademark Principal Register of the United State Patent and Trademark Office under registration number 3,050,438. Exhibit A.

Innovation used to market and sell an energy shot with the name "Chaser 5-hour Energy", but dropped its "Chaser" trademark from the title or name of its energy shot products, and now markets its energy shot products with generic terms for its name, that is, the highly descriptive and common descriptive title of "5-hour Energy".

Bhelliom's has promoted the Mr Energy® products primarily on the Internet.  The Mr Energy® mark distinguishes the Mr Energy® products and designates Bhelliom as the source of those products that are marketed under the Mr Energy® mark. The Mr Energy® mark is inherently distinctive.  It is may be arbitrary and fanciful but is, in the least, suggestive.  It is not merely descriptive or generic.

In connection with the marketing, advertising, and selling of its products, the plaintiff also makes extensive use of the Internet.  That use involved a web site entitled "Ask the Energy Guy", http://www.5hourenergy.com/askenergyguy.asp and http://www.5hourenergy.com/askenergyguy-archive.asp.  Exhibit B.  The web site is now entitled "The Energy Inquirer".  That web site has on occasion, used the Mr Energy® mark.  Innovation has no trademark or other intellectual property rights in the Mr Energy® mark.  Bhelliom has never authorized or licensed the plaintiff to use the Mr Energy® mark.

Innovation's activities are in violation of §§ 32, 34, and 35 of the Lanham Act (15 USC 1114, 1116, and 1117).

Innovation's past willful use and threatened continued use of Bhelliom's mark is likely to dilute the distinctive quality of the Mr Energy products and the fact that their source is Bhelliom and not Innovation.  As such, Innovation's activities are in violation of §43(c) of the Lanham Act (15 USC 1125(c)).

Innovation's past willful use and possible future use of the Mr Energy® mark constitutes a false designation of origin and sponsorship of its goods and services.

Bhelliom's defenses, enumerated and described in its pleadings, are supported by the evidence to date, applicable statutes, court rules and case law, and have been

pled in order to put Innovation on reasonable notice of what it believes the evidence will show at the time of trial.

## SUMMARY JUDGMENT STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper only when "there is no genuine issue as to **any** material fact and that the movant is entitled to judgment as a matter of law." Fed R Civ P 56(c)(2) (emphasis added).

When considering a motion for summary judgment, "The judge is not to 'weigh the evidence to determine the truth of the matter, but to determine whether there is a genuine issue for trial.' " *Sagan v United States*, 342 F 3d 493, 497 (6th Cir 2003), quoting *Anderson v Liberty Lobby, Inc*, 477 U S 242, 249, 106 S Ct 2505, 91 L Ed 2d 202 (1986). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor." *Sagan v United States*, 342 F 3d 493, 497 (6th Cir 2003); *Monday v Oullette*, 118 F 3d 1099, 1101-2 (6th Cir 1997). Likewise, in "evaluating a part's summary judgment motion, a court must 'consider all facts and inferences drawn therefrom in the light most favorable to the nonmoving party.' " *Lindsay v Yates*, 578 F 3d 407, 414 (6th Cir 2009), quoting *Talley v Bravo Pitino Rest Ltd*, 61 F 3d 1241, 1245 (6th Cir 1995). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether **it is so one-sided that one party must prevail as a matter of law**.' " *Sagan v United States*, 342 F 3d 493, 497 (6th Cir 2003), quoting *Anderson v Liberty Lobby, Inc*, 477 U S 242, 06 S Ct 2505, 91 L Ed 2d 202 (1986) at 477 U S 251-252 (emphasis added).

"The party moving for summary judgment bears the initial burden of showing that there is no material issue in dispute." *Lindsay v Yates*, 578 F 3d 407, 414 (6th Cir 2009) citing *Celotex Corp v Catrett*, 477 U S 317, 323, 106 S Ct, 2548, 91 L Ed 2d 265 (1986). The moving party must show the court that there is an absence of evidence to support the nonmoving party's case. *Horton v Potter*, 369 F 3d 906, 909 (6th Cir 2004)

"A district court 'should be extremely hesitant to grant summary judgment on important and complex issues.' " *Canderm Pharmacal v Elder Pharmaceuticals*, 862 F 2d 597, 601 (6th Cir 1988), quoting *Felix v Young*, 536 F 2d 1126, 1135 (6th Cir 1976).

Summary judgment is likely to be inappropriate in cases where intent of one or more of the parties is involved. *Canderm*, 862 F 2d at 601. Summary judgment must be used with "extreme caution" because it operates to deny a litigant his day in court. *Smith v Hudson*, 600 F 2d 60, 63 (6th Cir 1979).

The defendant contends that it is entitled to a summary judgment with respect to any alleged claims of false advertising.


## GENERAL PRINCIPLES OF TRADEMARK LAW

The basic principles of trademark law are that: "A term for which trademark protection is claimed will fit somewhere in the spectrum which ranges through (1) generic or common descriptive and (2) merely descriptive to (3) suggestive and (4) arbitrary or fanciful." *Miller Brewing Co v G Heileman Brewing Co, Inc,* 561 F 2d 75, 79 (7th Cir 1977), *cert den*, 434 U S 1025 (1978), citing *Abercrombie & Fitch Co v Hunting World, Inc,* 537 F 2d 4, 9-11 (2d Cir 1976). See also *DeGidio v West Group*, 355 F 3d 506, 510 (6th Cir 2004), *cert den*, 542 U S 904, 124 S Ct 2842, 159 L Ed 2d 268 (2004).

4

"A generic or common descriptive term is one which is commonly used as the name or description of a kind of goods. It cannot become a trademark under any circumstances." *Miller,* 561 F 2d at 79. *Two Pesos, Inc. v Taco Cabana*, 505 U S 763, 112 S Ct 2753, 120 L Ed 2d 615 (1992).

A merely descriptive term specifically describes a characteristic or ingredient of an article or service. It can become a valid trademark by acquiring a secondary meaning such that it becomes distinctive of the party's goods or services. *Wynn Oil v Thomas("Wynn Oil I")*, 839 F 2d 1183 (6th Cir 1988). A trademark is merely descriptive "if it describes one, or more, of the following: 'the intended purpose, function or use of the goods. . .the class of users of the goods; a desirable characteristic of the goods; or the end effect upon the user.' " *DeGidio*, 355 F 3d at 510, citing *Wynn Oil,* 839 F 2d at 1190.

A suggestive term suggests rather than describes goods and requires the observer or listener to use imagination and perception to determine the nature of the goods. *Induct-O-Matic v Inductotherm Corp*, 747 F 2d 362 (6th Cir 1984). It need not have obtained a secondary meaning for protection. An arbitrary or fanciful term enjoys the protection of a suggestive term but is not vulnerable to an attack as being merely descriptive. *Miller,* 561 F 2d at 79.

## TRADEMARK INFRINGEMENT - LIKELIHOOD OF CONFUSION

The Lanham Act prohibits the use of any words terms which are likely to cause confusion as to the origin, sponsorship or approval of the goods. 15 USC 1125(a). *Therma-scan, Inc. v Thermo-scan, Inc.,* 295 F 3d 623, 629 (6th Cir 2002).

The Sixth Circuit uses likelihood of confusion test as the ultimate test to determine whether there is trademark infringement. *Frisch's restaurants, Inc v Elby's Big Boy of Steubenville, Inc*, 670 F 2d 642 (6th Cir 1982), *cert denied*, 459 U S 916 (1982); *Wynn Oil Co v Thomas ("Wynn Oil I")*, 839 F 2d 1183, 1186 (6th Cir 1988). "The general concept underlying the likelihood of confusion [test] is that the public believe that 'the mark's owner *sponsored or otherwise approved* the use of the trademark.'" *Carson v Here's Johnny Portable Toilets, Inc*, 698 F 2d 831, 834 (6th Cir 1983) citing *Warner Brothers, Inc v Gay Toys, Inc,* 658 F 2d 76, 79 (2d Cir 1981).

In determining whether a likelihood of confusion exists, the 6th Circuit considers the following eight factors:  1) The strength of the plaintiff's mark;  2) The relatedness of the goods or services;  3) The similarity of the marks;  4) Any evidence of actual confusion;  5) Marketing channels used;  6)  Probable degree of purchaser care and sophistication;  7) The defendant's intent in selecting the mark;  and 8) The likelihood of either party expanding its product line.  See *Therma-scan, Inc.,* 295 F 3d at 630 and *Frisch's Restaurants, Inc. v Elby's Big Boy of Steubenville, Inc.*, 670 F 2d 642 (6th Cir), cert. denied, 459 US 916(1982).  These factors are simply a guide to help determine whether confusion would be likely to result.  They imply no mathematical precision. *Wynn Oil Company v Thomas (Wynn Oil I)*, 839 F 2d 1183, 1186 (6th Cir 1988).

Therefore, let us analyze:

1)  Strength:  Bhelliom's mark, Mr Energy®, is strong.  It is registered on the Principal Register.  Exhibit A.  Advantage: Bhelliom.

2)  The goods:  Both parties market energy shots.  The goods are the same.  Advantage: Bhelliom.

6

3)  Similarity of marks:  Innovation used "Mr Energy" which is identical to Bhelliom's registered mark.  It also used "Mr Energy Guy" which is only slightly different. Advantage: Bhelliom.

4)  Evidence of actual confusion:  None yet.  Advantage: Innovation.

5)  Marketing channels used:  Exactly the same, Internet and convenience stores, although Innovation also sells through other locations as well.  Innovation brief, p 4.  Advantage: Bhelliom.

6)  Purchaser Care: There is no real data or evidence.  While the goods are generally thought to be convenience goods, they are somewhat expensive for their small size.  If the product does not perform, the consumer will not buy it again. Consumers may not spend about $3.00 for 2 ounces of product that does not perform. There may be some degree of purchaser care.  Advantage: Neither party.

7)  Innovation's intent:  There is evidence of intent.  Carl Sperber, the creative director of Innovation admitted that the web site materials are simply made up and are not legitimate inquiries from customers and potential customers.  He has also admitted that Innovation watches the market carefully to see what competitors are doing.  Exhibit C, testimony of Carl Sperber.  Bhelliom's products, "Mr Energy® 8-HR Maximum Strength Energy", were on the market for at least 3 years before Innovation began using "Mr Energy" or variations.  Exhibit B and Innovation's brief at p 5.  In addition, once caught, Innovation removed the material from its web site.  Innovation brief, p 2. Advantage: Bhelliom.

7

8) Expansion of product lines:  There is no evidence at this time that Innovation intends to market anything other than energy shots under "5-hour Energy".  The energy shot products already compete.  Advantage: Not applicable.

There is a high degree of likelihood of confusion.  There is no doubt that Innovation is guilty of infringement.

## DILUTION - 15 USC 1125(c)

In determining whether a mark is famous and entitled to protection from a dilution, a court may consider the following factors that are enumerated in 15 USC 1125(c):

(A)     the degree of inherent or acquired distinctiveness of the mark;

(B)     the duration and extent of use of the mark in connection with the goods or services with which the mark is used;

(C)     the duration and extent of advertising and publicity of the mark;

(D)     the geographical extent of the trading area in which the mark is used;

(E)     the channels of trade for the goods or services with which the mark is used.

(F)     the degree of recognition of the mark in the trading areas and channels of trade used by the mark's owner and the person against whom the injunction is sought;

(G)     the nature and extent of use of the same or similar marks by third-parties; and

(H)     whether the mark was registered … on the principal register.

In this case, the "Mr Energy ®" mark is distinctive.  It is, at a minimum, suggestive and not generic or highly descriptive.  It has been used in connection with all

8

of the defendant's products for more than five years.  The defendant advertises on the
Internet, which is available all over the world.  The defendant markets its products on
the Internet and in convenience stores.  No one else markets dietary and nutritional
supplement products using the Mr Energy ® mark.  The Mr Energy® mark is registered
on the principal register.

## FAIR USE - 15 USC 1115(b)(4)

15 USC 1115(b)(4) describes the fair use defense to infringement.  It is a
defense to use a term that "is descriptive of and used fairly and in good faith only to
describe the goods or services" of a party.  Innovation claims that its use of the Mr
Energy ® mark is descriptive and used fairly and in good faith to describe its goods.
This is absurd.  "Mr Energy" does not describe Innovation's goods.  The goods are
"energy shots".  Innovation used the Mr Energy ® mark to name its "running man"
silhouette used on its trade dress on its products.  There is no reason to use the Mr
Energy ® mark to describe the running man.  In fact, Innovation continually refers to it
as a "running man".  Innovation Brief, p. 1.  Innovation can continue to refer to the
silhouette as "running man" and does not have to use the Mr Energy ® mark

One cannot use a slight variation on another's trademark in connection with a
similar product and then claim fair use.  *Beer Nuts, Inc  v Clover Club Foods*, 711 F 2d
934 (10th Cir 1983).

## BHELLIOM'S DEFENSES

Fed R Civ P 8 (c)(1) discusses affirmative defenses.  That rule indicates that
certain defenses must be pled.  The rule then enumerates those defenses.  The rule

9

does not indicate that no other defenses can be pled and that no other defenses are affirmative in nature.  The rule also indicates that defenses that should be pled include any defenses in "avoidance" of the claim.

An affirmative defense raises matters extraneous to a plaintiff's prima facie case.  Certain defenses are waived if not pled.  Fed R Civ P 8(c).  "In determining whether a defense is an affirmative one, the starting point should be the list of affirmative defenses in Rule 8(c). A defense analogous to or a derivative of one of the listed defenses should generally be deemed an affirmative defense." *Ford Motor Co v Transport Indemnity Co*, 795 F 2d 538, 546 (6th Cir 1986).  All of the defenses pled by Bhelliom are recognized by statute, court rule or case law.  They are not elements of Innovation's case but operate in avoidance of any liability if Innovation can prove its prima facie case, that is, that it has a valid and enforceable trademark, that Bhelliom has infringed its claimed trademark, and that it has sustained damages.  See Exhibits D and E.

As for unclean hands, Innovation claims that Bhelliom misrepresents the nature of its products.  Innovation shouldn't throw those stones.  Innovation has long claimed that its product delivers 5 hours of energy and that there is "no crash" associated with its use.  However, Innovation's own research has shown otherwise.  See Exhibit F.

A description and enumeration of any statutes, court rules, or cases upon which Bhelliom bases its defenses were described in Bhelliom's answers to Innovation's first set of interrogatories, Exhibit E.  Factual support for those defenses is included in the exhibits to this response and in the exhibits to Bhelliom's own motion for summary judgment with respect to the claims against it.  See the exhibits filed in support of Bhelliom's motion at Dkt 46, Exhibits A through X.  In a sense, asking the Court to

10

eliminate Bhelliom's defenses is a thinly-veiled attempt to file another brief in support of Innovation's other motion for summary disposition, Dkt 52.

Contrary to Innovation's argument, defenses relating to personal jurisdiction and failure to state a claim (Bhelliom's defenses 1 and 16) do not have to be asserted by motion but can be asserted in a responsive pleading.  Fed R Civ P 12(b).  That is exactly what Bhelliom did.

## CONCLUSIONS

Innovation has infringed Bhelliom's Mr Energy® mark.  It has no excuse because the use of Bhelliom's Mr Energy® mark was not necessary to fairly describe the qualities of any of its products.

Bhelliom is entitled to a summary judgment with respect to trademark infringement.

Bhelliom has adequately pled its defenses.  There is adequate support for those defenses.

## RELIEF REQUESTED

WHEREFORE, the Bhelliom respectfully requests the Court for the following relief:

A.    That the Court deny Innovation's motion for summary judgment on Bhelliom's counterclaims and Bhelliom's defenses;

B.    That the Court find that Innovation has infringed the Mr Energy® mark.

C.    That the Court enter a summary judgment in favor of Bhelliom and against Innovation dismissing all counts of Innovation's complaint against Bhelliom with prejudice;

11

C.     That the Court grant Bhelliom any and all further relief to which the Court finds Bhelliom is justly entitled including costs and attorney fees.

> s/ James K. Thome
> James K. Thome
> Vandeveer Garzia, PC
> Attorneys for Defendant
> 1450 West Long Lake Road
> Suite 100
> Troy, MI  48098
> (248) 312-2800
> jthome@VGpcLAW.com
> P25629

February 15, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2011 I electronically filed the foregoing paper with the Clerk of the Court under seal using the ECF system and I hereby certify that I have mailed by United States Postal Service the paper to the following:

Thomas W. Cunningham

which will also send notification of such filing to the following:

> Marc Lorelli
> Mark Cantor
> Brian C. Doughty

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

None

> s/ James K. Thome
> Vandeveer Garzia, PC
> Attorneys for Defendants
> 1450 West Long Lake Road
> Suite 100
> Troy, MI  48098
> (248) 312-2800
> jthome@VGpcLAW.com
> P25629

12