UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC,

    Plaintiff,

v.

BHELLIOM ENTERPRISES CORP.,

    Defendant.

Case No. 2:09-cv-13783

# *CORRECTED* LIVING ESSENTIALS' MOTION TO STRIKE BHELLIOM'S UNTIMELY SUMMARY JUDGMENT MOTION (DKT. #64)



## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

ISSUE PRESENTED ......................................................................................................... iii

I.     INTRODUCTION ................................................................................................. 1

II.    ARGUMENT ......................................................................................................... 1

    A.     This Court Has Discretion to Strike Untimely Pleadings ......................... 1

    B.     This Court Should Strike Bhelliom's Untimely Summary Judgment Motion ........................................................................................................ 2

    C.     LE is Entitled to Its Costs and Attorney' Fees ......................................... 3


## TABLE OF AUTHORITIES

### Cases

*Cacevic v. City of Hazel Park*,
    226 F.3d 483 (6th Cir.2000) .................................................................................. 1

*Castleberry v. Neumann Law P.C.*,
    2008 WL 5744179 (W.D. Mich. 2008) ................................................................. 1

*Clarksville-Montgomery County School System v. United States Gypsum Co.*,
    925 F.2d 993 (6th Cir.1991) .................................................................................. 2

*Krantz, Inc. v. Nissan North Am., Inc.*,
    408 F.Supp.2d 854 (D.S.D. 2005) ......................................................................... 1

*Pinero v. Corp Courts at Miami Lakes, Inc.*,
    2009 WL 1424173 (S.D. Fla. May 20, 2009) ....................................................... 4

*Pride v. BIC Corp.*,
    218 F.3d 566 (6th Cir.2000) .................................................................................. 1

*United States v. Rayco, Inc.*,
    616 F.2d 462 (10th Cir. 1980) ............................................................................... 2

*Westrick v. Dow Corning Corp.*,
    2008 WL 269068, (E.D. Ky. Jan. 29, 2008) ......................................................... 3

### Rules

Fed. R. Civ. P. 16 .............................................................................................................. 2, 3



## ISSUE PRESENTED

Should this Court strike Bhelliom's Motion for Summary Judgment seeking an order that Living Essentials' infringed its MR ENERGY trademark, filed in Docket No. 64, because it is untimely and in violation of L.R. 7.1(b)(2)?

Living Essentials Answers: ***Yes***



## I.  INTRODUCTION

In response (Dkt. #64) to an Innovation Ventures ("LE") motion for summary judgment, Bhelliom Enterprises Corp. ("Bhelliom") attempted to slip in its own motion for summary judgment of infringement. This new motion was not only untimely, but in violation of this Court's Local Rule 7.1(b)(2), limiting a party's summary judgment motions to one (1), absent leave of Court. Bhelliom's motion should be struck and LE should be awarded its costs and fees for the filing of this motion.

## II.  ARGUMENT

### A. This Court Has Discretion to Strike Untimely Pleadings

It is well established that this Court has the discretion to strike untimely pleadings or other papers. *Pride v. BIC Corp.*, 218 F.3d 566, 578-79 (6th Cir.2000) (upholding the exclusion of untimely expert-witness reports and affidavits). In *Castleberry v. Neumann Law P.C.*, the court stated:

> Castleberry never moved for an extension of time, and he offers no explanation for his untimeliness. "Even a party proceeding pro se is not entitled to disregard the Federal Rules of Civil Procedure. Nor is a party entitled to disregard the Local Rules of the United States District Court ...."

2008 WL 5744179 at *5 (W.D.Mich. 2008)(quoting *Krantz, Inc. v. Nissan North Am., Inc.*, 408 F.Supp.2d 854, 865 (D.S.D. 2005) *; see also Cacevic v. City of Hazel Park*, 226 F.3d 483, 492 (6th Cir.2000) (district court properly disregarded evidence proffered after grant of summary judgment; "[a]lthough it may seem harsh to turn a blind eye to the ... belated proffer of evidence, that is the price to be paid by litigants who do not comply with the rules ....")



The source of this Court's discretion in this matter is Fed. R. Civ. P. 16, which grants district courts wide latitude to impose sanctions for failure to comply with their scheduling orders. *Clarksville-Montgomery County School System v. United States Gypsum Co.,* 925 F.2d 993, 998 (6th Cir.1991); see also *United States v. Rayco, Inc.*, 616 F.2d 462, 464 (10th Cir. 1980) (broad powers of enforcement inure to a pretrial order limiting issues to be tried and evidence to be introduced).

**B.  This Court Should Strike Bhelliom's Untimely Summary Judgment Motion**

The original Scheduling Order in this case provided that "dispositive motions shall be filed by January 7, 2011." (Dkt. #21.) The parties later stipulated, and this Court ordered that date extended to January 25, 2011. (Dkt. #44.) On January 21, Bhelliom timely filed a Motion for Summary Judgment, which seeks dismissal of all LE's claims. (Dkt. #46.) On January 25, LE timely filed two motions[1] for summary judgment, one pertaining to Bhelliom's counterclaims (Dkt. #49) and affirmative defenses and one pertaining to LE's claims. (Dkt. #52.)

On February 15, 2011, Bhelliom responded to LE's Motion for Summary Judgment on Bhelliom's Counterclaims and Affirmative Defenses ((Dkt. #64). In addition to presenting arguments addressing LE's Motion, Bhelliom moved for summary judgment of infringement of its trademark and presented a likelihood of confusion analysis[2]. (*Id.*, pp. 5-8.)

Bhelliom's new motion was filed nearly three (3) weeks after the dispositive motion deadline and is thus untimely. Moreover, the motion is the second summary judgment motion filed by Bhelliom and thus exceeds the limit imposed by L.R. 7.1(b)(2). Bhelliom never sought

---

[1] LE first obtained an Order from the Court allowing it to file more than one summary judgment motion in light of L.R. 7.1(b)(2). (Dkt. #56.)

[2] LE never moved for summary judgment that there was no likelihood of confusion, thus this cannot be deemed a cross-motion.



leave, to file an untimely motion or a brief in excess of the limit and offers no explanation for flouting the rules.

This Court should strike the motion. *Westrick v. Dow Corning Corp.*, 2008 WL 269068, (E.D. Ky. Jan. 29, 2008) (when plaintiff filed opposition to summary judgment motion about nineteen (19) days after the deadline established by local rules, court noted, "He has not explained his failure to file a timely response nor asked the court's permission to file an untimely response. Accordingly, the court need not consider the response at all.").

**C.      LE is Entitled to Its Costs and Attorney' Fees**

Bhelliom's willful violations of the Court's January 7, 2011 Order (Dkt. #44) setting the deadline for the filing of summary judgment motions and L.R. 7.1(b)(2) warrants an award of LE's fees and costs.

Fed R. Civ. P. 16(f)(1)(C) recites that "the court may issue just orders ... if a party or its attorney ... (C) fails to obey a scheduling order or other pretrial order." Additionally, Fed. R. Civ. P. 16(f)(2) requires that "the court must order the party, its attorney, or both to pay the reasonable expenses – including attorney's fees – incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." (emphasis added).

Bhelliom's noncompliance with the scheduling order set by the Court was entirely without justification, and accordingly, LE should be awarded its reasonable attorneys' fees and costs incurred in filing this motion as stated in Rule 16(f)(2)[3]. *Pinero v. Corp Courts at Miami*

---

[3] LE can provide evidence of its costs and attorneys' fees by declaration should this Court order that they are warranted.

3



*Lakes, Inc*., 2009 WL 1424173, *2 (S.D. Fla. May 20, 2009) (awarding attorneys' fees incurred in filing motion for failure to obey scheduling order).

        Respectfully submitted,

        **BROOKS KUSHMAN P.C.**

By:  /s/ Thomas W. Cunningham
    MARK A. CANTOR            (P32661)
    THOMAS W. CUNNINGHAM (P57899)
    MARC LORELLI                   (P63156)
    1000 Town Center, Twenty-Second Floor
    Southfield, Michigan 48075
    Tel. (248) 358-4400; Fax. (248) 358-3351
    E-mail:   mcantor@brookskushman.com
               tcunningham@brookskushman.com
               mlorelli@brookskushman.com

    *Attorneys for Plaintiff Innovation Ventures*

Dated: March 7, 2011



## **CERTIFICATE OF ELECTRONIC SERVICE**

      I hereby certify that on March 7, 2011, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Mark A. Cantor, Thomas W. Cunningham, Brian C. Doughty, James K. Thome, Marc Lorelli.

      I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System:  None.

                                      **BROOKS KUSHMAN P.C.**

                                      /s/Thomas W. Cunningham
                                      MARK A. CANTOR  (P32661)
                                      THOMAS W. CUNNINGHAM (P57899)
                                      MARC LORELLI (P63156)
                                      1000 Town Center, Twenty-Second Floor
                                      Southfield, Michigan 48075
                                      (248) 358-4400

                                      *Attorneys for Plaintiff Innovation Ventures*

