UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC,

    Plaintiff,

v.

BHELLIOM ENTERPRISES CORP.,

    Defendant.

Case No. 2:09-cv-13783

**REPLY IN SUPPORT OF LIVING ESSENTIALS'
MOTION (DKT. #70) TO STRIKE BHELLIOM'S
UNTIMELY SUMMARY JUDGMENT MOTION
(DKT. #64)**



## I.     REPLY

On February 15, 2011, Bhelliom Corp. ("Bhelliom") filed its response to Innovation Ventures' ("LE") Motion for Summary Judgment on Bhelliom's Counterclaims and Affirmative Defenses. (Dkt. #64.)  In its response, Bhelliom moved for the first time for summary judgment that LE infringed its MR ENERGY trademark.  Because this second Motion for Summary Judgment by Bhelliom was filed weeks after the summary judgment deadline and exceeded the limit of **one** summary judgment motion imposed by L.R. 7.1(b), LE moved to strike the portion of the response brief which sought summary judgment.

Unfortunately, LE's motion contained a clerical error which transposed the Docket Number of the brief it sought to strike.  LE sought to strike the portion of Dkt. **#64** (entitled "Bhelliom's Response To Innovation's Motion For Summary Judgment On Bhelliom's Counterclaims And Affirmative Defenses."), in which Bhelliom moved on for summary judgment on **Bhelliom's own trademark infringement claim**.  The motion and brief, however, transposed the 4 and 6, instead stating Dkt. **#46**, which is Defendant's Motion for Summary Judgment and sought to dismiss **LE's trademark and false advertising claims**.  LE is contemporaneously filing a corrected brief with accurate docket numbers.

In response to this Motion to Strike, Bhelliom attempts to rely on this clerical error to prevent the Court from striking its motion for summary judgment on its own claims (Dkt. #64). However, Bhelliom's counsel James Thome was well aware of which motion LE was seeking to strike when he filed Bhelliom's response.  Not only was it explained to him in detail prior to being filed by LE, LE's motion to strike and supporting brief clearly identify what LE's seeks to strike.

1



Prior to filing its Motion to Strike, LE's counsel contacted Mr. Thome pursuant to the Local Rules to seek concurrence in the relief sought. (Declaration of Cunningham, ¶3.) LE's counsel explained that it intended to file a motion to strike the portion of Bhelliom's Response to LE's Motion for Summary Judgment on Its Counterclaims and Affirmative Defenses (Dkt. #64) that sought summary judgment of trademark infringement on Bhelliom's trademark infringement claim. (*Id*.) It was clear from the conversation that Mr. Thome understood the basis of LE's Motion to Strike. (*Id*.)

The text of LE's motion to strike also clearly identified that it was seeking to strike Dkt. #64, not Dkt. #46. Indeed, the motion clearly described that it was seeking to strike a summary judgment motion pertaining to **Bhelliom's claims**, not LE's claims:

> In response (Dkt. #46 [*should be 64*]) to an Innovation Ventures ("LE") motion for summary judgment, Bhelliom Enterprises Corp. ("Bhelliom") attempted to slip in its own motion for summary judgment of infringement. This new motion was not only untimely, but in violation of this Court's Local Rule 7.1(b)(2), limiting a party's summary judgment motions to one (1), absent leave of Court.
> \* \* \*
> On February 15, 2011, Bhelliom responded to LE's Motion for Summary Judgment on Bhelliom's Counterclaims and Affirmative Defenses (Dkt. #46[*should be 64*]). In addition to presenting arguments addressing LE's Motion, Bhelliom moved for summary judgment of infringement of its trademark and presented a likelihood of confusion analysis. (*Id*., pp. 5-8.)

(Dkt. # 70, Motion to Strike at 1-2.)

Thus, one would certainly conclude from reading the brief that the docket number was a clerical error. Not only does Mr. Thome falsely feign ignorance as to the relief sought in the Motion to Strike, he insults opposing counsel by stating that "Even a second grader could make that calculation." (Bhelliom Response at 2.)



After Bhelliom filed its response to the Motion to Strike, LE's counsel called Mr. Thome in an attempt to work out a resolution. (Cunningham Decl., ¶3.)  Mr. Thome indicated that, notwithstanding what the brief detailed and what was discussed in the conference prior to the motion, the motion and issue presented state that Dkt. #**46**, not Dkt. #**64**, should be struck. (*Id.*) Thus, it is apparent he was aware of the clerical error and chose to take advantage of it.

Bhelliom offers no excuse for its late-filed summary judgment motion or for violating the Local Rule limiting parties to one summary judgment brief absent leave.  Bhelliom's brief seeking summary judgment on its own summary judgment claims (Dkt. # 64) should be struck.

        Respectfully submitted,

        **BROOKS KUSHMAN P.C.**

By:  /s/ Thomas W. Cunningham
    MARK A. CANTOR           (P32661)
    THOMAS W. CUNNINGHAM (P57899)
    MARC LORELLI            (P63156)
    1000 Town Center, Twenty-Second Floor
    Southfield, Michigan 48075
    Tel. (248) 358-4400; Fax. (248) 358-3351
    E-mail:   mcantor@brookskushman.com
              tcunningham@brookskushman.com
              mlorelli@brookskushman.com

    *Attorneys for Plaintiff Innovation Ventures*

Dated: March 7, 2011



## CERTIFICATE OF ELECTRONIC SERVICE

      I hereby certify that on <u>March 7, 2011</u>, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Mark A. Cantor, Thomas W. Cunningham, Brian C. Doughty, James K. Thome, Marc Lorelli.

      I also certify that I have mailed by United States Postal Service the paper to the following non-participants in the ECF System: None.

**BROOKS KUSHMAN P.C.**

/s/Thomas W. Cunningham
MARK A. CANTOR (P32661)
THOMAS W. CUNNINGHAM (P57899)
MARC LORELLI (P63156)
1000 Town Center, Twenty-Second Floor
Southfield, Michigan 48075
(248) 358-4400

*Attorneys for Plaintiff Innovation Ventures*

