UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC,

    Plaintiff,

                                                Case No. 09-13783
                                                Hon. Lawrence P. Zatkoff

v.

BHELLIOM ENTERPRISES CORP.,

    Defendant.
    _____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on October 5, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I.  INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Amend/Correct Judgment [dkt 88], brought under Fed. R. Civ. P. 59(e).  Defendant did not respond to Plaintiff's Motion, but filed a separate Motion to Strike Plaintiff's Motion [dkt 89].  Defendant's Motion has been fully briefed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted.  For the reasons set forth below, Plaintiff's Motion to Amend/Correct Judgment is DENIED and Defendant's Motion to Strike Plaintiff's is DENIED AS MOOT.

## II. BACKGROUND

Plaintiff challenges the Court's July 26, 2011, order, alleging that the Court applied the wrong standard in finding Defendant was not liable for false advertising under the Lanham Act.

To establish a claim for false advertising under the Lanham Act, a plaintiff must prove that:

> (1) the defendant has made false or misleading statements of fact concerning his product or another's; (2) the statement actually or tends to deceive a substantial portion of the intended audience; (3) the statement is material in that it will likely influence the deceived consumer's purchasing decisions; (4) the advertisements were introduced into interstate commerce; and (5) there is some causal link between the challenged statements and harm to the plaintiff.

*Herman Miller, Inc. v. Palazzetti Imps. & Exps., Inc.*, 270 F.3d 298, 323 (6th Cir. 2001) (citing *Am. Council of Certified Podiatric Physicians and Surgeons v. Am. Bd. of Podiatric Surgery, Inc.*, 185 F.3d 606, 613 (6th Cir. 1999)). Focusing on the "causal link" element, the Court, in its July 26, 2011, order, found that:

> *Plaintiff has failed to demonstrate a genuine dispute regarding the causal link between the alleged false advertising and harm to Plaintiff. See IQ Prods. Co. v. Pennzoil Prods. Co.*, 305 F.3d 368, 376 (5th Cir. 2002) (affirming grant of summary judgment on false advertising claim where, even if the challenged statement were literally false, the plaintiff presented no evidence indicating that consumers would have bought its product instead of the defendant's product in the absence of the defendant's allegedly false statement).

As Plaintiff asserts:

> [C]ases involving injunctive relief and those seeking monetary damages under the Lanham Act have different standards of proof. A plaintiff suing to enjoin conduct that violates the Lanham Act need not prove specific damage. In contrast, courts require a heightened level of proof of injury in order to recover money damages. *Porous Media Corp. v.*

> *Pall Corp.*, 110 F.3d 1329, 1335 (8th Cir.1997) (citation omitted).
>
> Here, Plaintiff presents no proof, *through loss of sales or otherwise*, that it incurred specific damages due to any of the allegedly false advertising. At most, Plaintiff's expert makes the unsupported assertions that '[s]ome of [Defendant's] sales no doubt were drawn from consumers who might have purchased 5 Hour Energy' and that 'it is completely logical for a consumer to be attracted to [Defendant]'s product.'

Dkt. 86 at 11–12 (emphasis added).

Plaintiff now claims that the Court erred by:

> requir[ing] [Plaintiff] to come forward with *evidence of a specific loss of sales* resulting from [Defendant's] false advertising to show a 'causal connection' between the advertising and harm to [Plaintiff]. Such evidence, however, is not a prerequisite to a finding of liability for false advertising or the issuance of an injunction under the Lanham Act. To show a 'causal connection,' the Lanham Act requires [Plaintiff] to show only that it 'believes that . . . [it] is likely to be damaged by [the false advertising].

Dkt. 88 at 12 (emphasis added).

### III.  LEGAL STANDARD

A court may grant relief pursuant to Rule 59(e) only where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

### IV.  ANALYSIS

The Court finds that a simple reading of its July 26, 2011, order, shows that Plaintiff was not required to show a *"specific loss of sales"* to establish a causal connection between the alleged false advertising and Plaintiff's harm. Rather, the Court's order stated, in no uncertain terms, that Plaintiff failed to provide *any* proof—"through loss of sales *or otherwise*"—that it

incurred injury as a result of the allegedly false advertising. The Court thus properly found that Plaintiff "failed to demonstrate a genuine dispute regarding the causal link between the alleged false advertising and harm."

### V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend/Correct Judgment [dkt 88] is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e) [dkt 89] is DENIED as moot.

IT IS SO ORDERED.


Date: October 5, 2012

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE