UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATION VENTURES, LLC,

    Plaintiff,

                                            Case No. 09-13783
                                            Hon. Lawrence P. Zatkoff

v.

BHELLIOM ENTERPRISES CORP.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on December 13, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's unopposed Emergency Motion to Clarify the Record [dkt 100]. Defendant has not responded to Plaintiff's Motion and has represented to the Court that he will not do so. The Court finds that the facts and legal arguments are adequately presented in Plaintiff's papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted. For the reasons set forth below, Plaintiff's unopposed Emergency Motion to Clarify the Record [dkt 100] is GRANTED.

**II. BACKGROUND**

On July 26, 2011, the Court granted summary judgment to Defendant Bhelliom Enterprises Corp. on the trademark-infringement and false-advertising claims of Plaintiff Innovation Ventures, LLC [dkt 86]. When considering Defendant's summary-judgment motion, the Court had before it

forty exhibits that were filed by Living Essentials with its Response and that were also sent to the Court and to opposing counsel.

After the motion was fully briefed, Plaintiff realized that it had mistakenly filed its Response and twenty of the exhibits publicly [dkt 62] rather than under seal pursuant to the Court's April 6, 2010 Protective Order. The Court ordered that those items be stricken and re-filed under seal [dkt 81]. According to Plaintiff, it believed it had re-filed all of the stricken items, but later realized that, through a computer error, Exhibits 9 through 20 were not re-filed. Plaintiff filed the instant Motion under Fed. R. App. P. 10(e) seeking to clarify that the record on appeal does in fact include exhibits 9 through 20, which Plaintiff filed under seal with this Motion.

On December 12, 2012, Defendant's counsel contacted the Court and advised that he would not be filing a response to the instant Motion.

### III.  LEGAL STANDARD

"In general, the appellate court should have before it the record and facts considered by the District Court." *United States v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997). When such facts or records are accidentally omitted from the official record by "error or accident," Fed. R. App. P. 10(e)(2) permits parties to modify or correct the record to include the items that were accidentally omitted. If the opposing party will not stipulate to what actually happened in the district court, "the litigant ordinarily should next seek relief from the district court" (rather than the court of appeals), because "it knows best what was presented to it, how it ruled, and what it intended by its rulings." 16A, Wright & Miller, *Federal Practice & Procedure* § 3956.4 (4th ed. 2012).

"[T]he purpose of Rule 10(e) is to make the record accurately reflect events, not to provide an opportunity for retroactive alteration of those events." *Id.*; *see United States v. Murdock*, 398 F.3d 491, 500 (6th Cir. 2005). The Rule liberally permits the record to be modified to include items that were considered at the time of the district court's ruling but accidentally excluded from the official record. In that respect, "[t]he term 'error or accident' in Rule 10(e) 'should be broadly interpreted to

permit the record to be supplemented by any matter which is properly a part thereof. Omissions from the record may result from the error or inadvertence of the parties, the court reporter, the district court clerk or the judge." *Barrow*, 118 F.3d at 488.

### IV. ANALYSIS

The Court finds that based on Plaintiff's unopposed representations, exhibits 9 through 20 were omitted from the official record by computer error or accident. It appears that Plaintiff filed exhibits 9 through 20 with its original Response brief. Additionally, Plaintiff's Response and all Exhibits were sent to the Court in hard copy through the mail for the Court's consideration. It also appears that Exhibits 9 through 20 included with the instant Motion were the same Exhibits 9 through 20 from the original briefing because they have the ECF file stamp for Docket Entry 62. As such "[t]heir inclusion reflects what actually occurred in the district court and is exactly the situation for which the cited Rule was designed." *Townsend*, 667 F.2d at 849. These Exhibits were therefore before the Court at the time of its July 26, 2011, Order and should be included in the record on appeal. *See Barrow*, 118 F.3d at 487.

### V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's unopposed Emergency Motion to Clarify the Record [dkt 100] is GRANTED.

IT IS SO ORDERED.


Date: December 13, 2012
s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE