UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


INNOVATION VENTURES, LLC,

          Plaintiff/Counter-Defendant,

                                          Case No. 09-13783
                                          Hon. Lawrence P. Zatkoff

v.

BHELLIOM ENTERPRISES CORP.,

          Defendant/Counter-Plaintiff.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 26, 2014

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

      Currently before the Court is Plaintiff's Motion for Permanent Injunction and Renewed

Summary Judgment [dkt. 109].  The motion is fully briefed. The Court finds that the facts and

legal arguments are adequately presented in the parties' papers such that the decision process

would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R.

7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.  For the

reasons set forth below, Plaintiff's Motion for Permanent Injunction and Renewed Summary

Judgment is GRANTED IN PART and DENIED IN PART.

## II. BACKGROUND

A. FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are well established in the Court's previous Orders. As established, Plaintiff Innovation Ventures, LLC ("Plaintiff"), markets and sells a two-ounce energy shot using the "5-hour ENERGY" mark. Defendant Bhelliom Enterprises Corporation ("Defendant") markets and sells energy pills and two-ounce energy shots using the "8-HR" and "ENERGY" marks on its products. Initially, Defendant sold energy pills under the name "Mr Energy® 8-HR MAXIMUM STRENGTH ENERGY," and then developed its two-ounce shot sold under the same name. On both of Defendant's products, however, the words "8-HR" and "ENERGY" appear in larger print than "Mr Energy®" and "MAXIMUM STRENGTH".

On September 24, 2009, Plaintiff filed its complaint against Defendant under the Lanham Act, 15 U.S.C. § 1125(a), for trademark infringement and false advertising, as well as a claim for common law trademark infringement. Defendant asserted counterclaims for infringement of Defendant's registered trademark, "Mr Energy®," trademark dilution, and false designation of origin and sponsorship under the Lanham Act. After Plaintiff filed its complaint, both parties filed numerous motions for this Court to consider.

On July 26, 2011, the Court granted Defendant's motion for summary judgment, dismissing Plaintiff's trademark infringement claim (the "Original Order") [dkt. 86]. The Court found that, using the traditional Sixth Circuit trademark-infringement factors (the "trademark factors"),[1] three factors supported infringement and four did not, while one factor was inapplicable. As such, the Court found in its Original Order that Plaintiff failed to demonstrate the requisite likelihood of confusion between Plaintiff's mark and Defendant's mark, and thus failed to state a claim upon which relief could be granted.

---

[1] *See Therma-Scan, Inc. v. Thermoscan, Inc.*, 295 F.3d 623, 630 (6th Cir. 2002).

The Court's Original Order also denied Plaintiff's motion for summary judgment regarding Plaintiff's false advertising claims [dkt. 86]. The Court found that Plaintiff failed to demonstrate a causal link between the alleged false advertising and any actual harm to Plaintiff. As such, the Court found that Plaintiff was not entitled to damages or injunctive relief and dismissed Plaintiff's false advertising claims.

Finally, the Court made rulings on several other motions presented by Plaintiff. The Court granted Plaintiff's motion for summary judgment dealing with Defendant's counterclaims. The Court denied as moot Plaintiff's motion for summary judgment with respect to Defendant's affirmative defenses, as the Court had dismissed all of Plaintiff's claims. Finally, the Court denied as moot both Plaintiff's motion to strike evidence and argument presented by Defendant and Plaintiff's motion to strike Defendant's untimely motion for summary judgment.

B. SIXTH CIRCUIT OPINION

Plaintiff filed a timely appeal of this Court's Original Order. On June 28, 2013, the Sixth Circuit reversed the Original Order with regards to Plaintiff's trademark-infringement claim [dkt. 90]. The Sixth Circuit held that its intervening decision in *Innovation Ventures, LLC v. N.V.E., Inc.*, 694 F.3d 723 (6th Cir. 2012) ("*NVE*") required such reversal. Specifically, the Sixth Circuit held that *NVE* and the instant matter dealt with a "similar trademark claim," that both cases presented essentially the same split of the trademark factors, and that the Sixth Circuit ruled in *NVE* that such a split was "evenly balanced" and counseled "in favor of not granting summary judgment." The Sixth Circuit thus held that

> [c]onsidering the similarity of the products, the record evidence, and the district court's rationale, one would expect that our judgment in *NVE* should control here, requiring reversal of the district court's non-infringement judgment . . . In our view, little distinguishes this case from *NVE*, and we agree with [Plaintiff] that

3

> *NVE* requires reversal of the district court's grant of summary judgment to [Defendant] on this infringement claim.

The Sixth Circuit also partially reversed this Court's ruling on Plaintiff's false advertising claims. While it agreed with this Court's Original Order denying Plaintiff's request for damages for its false advertising claims, the Sixth Circuit concluded that Plaintiff's request for injunctive relief stood on firmer ground. The Sixth Circuit held that this Court impermissibly required Plaintiff to show distinct evidence of harm as a prerequisite for injunctive relief. The Sixth Circuit thus concluded that Plaintiff's two false advertising claims must be re-examined. One such claim – challenging Defendant's representation that "8-HR ENERGY" products actually provide energy for eight hours – involved issues the Sixth Circuit held this Court had not previously considered. As such, the Sixth Circuit delivered specific instructions to this Court to "resolve whether any of [Defendant's] advertisements proclaiming eight hours of energy contained literal falsities or misleading representations, and which (if any) tend to deceive a substantial portion of the intended audience."

The second of Plaintiff's false advertising claims – involving Defendant's allegedly improper assurance that "8-HR ENERGY" products use a "time-released-formula" – forms the basis of the instant motion before the Court. With regards to this claim, the Sixth Circuit held that Defendant conceded its advertisements representing a "time-released-formula" were false statements. The Sixth Circuit noted, though, that Defendant argued such statements were only ever made in advertisements for its "8-HR ENERGY" pills, and that these advertisements have been discontinued. The Sixth Circuit, relying on this information, informed the Court that "[t]o the extent these false advertisements remain at issue, we remand for the district court to fashion appropriate injunctive relief."

C. Plaintiff's Current Motion

In the instant motion, Plaintiff relies on the opinion of the Sixth Circuit to request that this Court permanently enjoin Defendant from advertising their products as "timed release," "sustained release," or releasing ingredients slowly over time in any future advertisements. In addition to this requested relief, Plaintiff asks this Court to reconsider three motions previously filed by Plaintiff. Plaintiff first requests this Court reconsider Plaintiff's motion for summary judgment that Defendant's "8-HR ENERGY" durational claims are false [dkt. 52]. Plaintiff also requests this Court reconsider its motion to strike evidence and argument presented by Defendant on summary judgment [dkt. 67]. Finally, Plaintiff requests that this Court reconsider Plaintiff's motion for summary judgment on Defendant's counterclaims and affirmative defenses [dkt. 49].

## III. ANALYSIS

A. Permanent Injunctive Relief is Warranted

As established by the Sixth Circuit, the Lanham Act provides that a district court may grant injunctive relief to prevent infringement of a party's registered mark. 15 U.S.C. § 1116. Whether such relief is warranted may be determined by a court weighing the following four factors:

> (1) whether the movant has shown that he or she would suffer irreparable harm if the permanent injunction is not issued;
> (2) whether remedies available at law, such as monetary damages, are insufficient to adequately compensate the movant;
> (3) whether the balance of hardship between the two parties weighs in favor of the movant; and
> (4) whether the public interest would be served by the issuance of a permanent injunction.

*eBay Inc. v. MercExchange, LLC,* 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006) (the "*MercExchange* factors"). While potentially helpful, the Sixth Circuit has noted that

"[t]hese factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012) (internal citations omitted).

The Sixth Circuit stated that Plaintiff presented evidence that Defendant "knowingly misstated its products' time-release capabilities" by falsely claiming its product was the result of a Harvard study that inspired "design of a supplement that slowly releases its energy-boosting ingredients in small increments throughout the day." The Sixth Circuit further stated that Defendant did not dispute the evidence that it had knowingly misstated its products' time-release capabilities. While Defendant did argue that no such advertisements existed anymore, the Sixth Circuit concluded that there was no record evidence to support such a claim. Instead, the Sixth Circuit ordered this Court to "fashion appropriate injunctive relief" regarding Defendant's concededly false statements.

As such, the Court finds that permanently enjoining Defendant from falsely advertising in a manner Defendant admits to previously committing is warranted. Although Defendant argues that such relief is inappropriate, the Court is not convinced. Defendant argues that it has updated the products on its website to include only those with labels that adhere to the Sixth Circuit's opinion, and thus asserts its false advertising regarding "time release" and "sustained release" no longer remain at issue. The Court finds Defendant's assertion both disingenuous and inaccurate: Plaintiff provided this Court with evidence[2] that Defendant continued to use such advertisements after the Sixth Circuit released its opinion. Further, the Court shares the same concerns illuminated by the Sixth Circuit; indeed, without judicial action, the Court finds that there is

---

[2] In its reply to Defendant's response, Plaintiff provided the Court with evidence that Defendant's website contained advertisements with products that contained the language the Sixth Circuit ruled Defendant admitted was false. These advertisements appeared on Defendant's website *after* it conceded to the Sixth Circuit they contained false information and *after* Defendant assured this Court that Defendant's use of "time release" and "sustained release" in advertisements did not remain at issue.

6

nothing preventing Defendant from continuing to utilize false advertisements of this nature in the future. As such, the Court finds Plaintiff's request for a permanent injunction – and the circumstances surrounding its request – satisfies the *MercExchange* factors listed above. The Court will thus enter "appropriate injunctive relief" permanently enjoining Defendant from falsely advertising in the manner in which Defendant admits it previously advertised.

B. PLAINTIFF'S MOTIONS FOR RECONSIDERATION ARE DENIED

In addition to requesting permanent injunctive relief, Plaintiff asks this Court to "reconsider" three previously filed motions: Plaintiff's motion for summary judgment that Defendant's advertising is false [dkt. 52], Plaintiff's motion to strike evidence and argument presented by Defendant on summary judgment [dkt. 67], and Plaintiff's motion for summary judgment on Defendant's counterclaims and affirmative defenses [dkt. 49]. The Court will address each request in turn.

I. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT THAT DEFENDANT'S ADVERTISING IS FALSE

While the Sixth Circuit explicitly concluded injunctive relief was warranted regarding Defendant's "time-released-formula" advertisements, it found that Plaintiff's second false advertising claim – whether Defendant's "8-HR ENERGY" products provide energy for eight hours – was less clear cut. Indeed, the Sixth Circuit concluded that Defendant genuinely disputed that its eight-hour-energy claims were false. This genuine dispute led the Sixth Circuit to order this Court to resolve "whether any of [Defendant's] advertisements proclaiming eight hours of energy contained literal falsities or misleading representations, and which (if any) tend to deceive a substantial portion of the intended audience."

Plaintiff asserts that all of these aforementioned issues were fully briefed in its motion for summary judgment that Defendant's advertising is false, and that the Sixth Circuit's order makes

7

this motion ripe for a decision.  This Court does not agree, finding that this would misinterpret the instructions given by the Sixth Circuit.

Both parties – along with this Court and the Sixth Circuit – agree on the factors Plaintiff must demonstrate to present a viable false-advertising claim and request for injunctive relief under the Lanham Act.  These factors, as delineated by the Sixth Circuit, are:

1) that Defendant has made false or misleading statements of fact concerning his own product or another's;
2) the statement actually or tends to deceive a substantial portion of the intended audience;
3) the statement is material in that it will likely influence the deceived customer's purchasing decisions; and
4) the advertisements were introduced into interstate commerce.

*Am. Council of Certified Podiatric Physicians & Surgeons v. Am. Bd. Of Podiatric Surgery, Inc.*, 185 F.3d 606, 613 (6th Cir. 1999) ("*American Council* factors").  Despite agreeing on this standard, Plaintiff requests this Court to reconsider a motion that does not adequately address all of these factors.  Plaintiff's motion for summary judgment that Defendant's advertisements are false completely fails to address the second *American Council* factor: whether the allegedly false or misleading statements of fact actually or tends to deceive a substantial portion of the audience.  Instead, Plaintiff argues that Defendant's "8-HR ENERGY" durational energy claim is literally false, and thus does not require proof that this statement tends to deceive a substantial portion of the intended audience.

The Sixth Circuit held, however, that there was a genuine dispute of material fact as to whether Defendant's eight-hour-energy claims were false.  Indeed, the Sixth Circuit explicitly rejected Plaintiff's attempts to argue literal falsity before it, finding that Plaintiff "does not address the key factor identified in *American Council*: the misrepresentation's tendency to deceive consumers." Dkt. # 104, p. 16.

8

As such, the Court finds that additional briefing from both parties is necessary to resolve Plaintiff's durational false advertising claim. Therefore, the Court will order the parties to provide additional briefing to address the following issues:

1) which (if any) of Defendant's advertisements proclaiming eight hours of energy contained literal falsities;
2) which (if any) of Defendant's advertisements proclaiming eight hours of energy contained misleading representations; and
3) which (if any) of the above referenced advertisements tend to deceive a substantial portion of the intended audience.

The Court also requires both parties to address the remaining *American Council* factors. As the Court finds that this additional briefing is needed to satisfy the order of the Sixth Circuit, it will not reconsider Plaintiff's motion for summary judgment that Defendant's advertising is false.

## II.   PLAINTIFF'S MOTION TO STRIKE EVIDENCE AND ARGUMENT PRESENTED BY DEFENDANT ON SUMMARY JUDGMENT

Plaintiff requests that this Court reconsider its motion to strike the evidence and arguments previously presented by Defendant on summary judgment. Specifically, Plaintiff alleged that Defendant attached numerous exhibits in various filings which contained evidence that was "not competent" and thus should be excluded. The Court originally dismissed Plaintiff's motion as moot, finding "none of the challenged evidence or argument is relevant to the Court's decision."

As the Court is not reconsidering any of the motions previously before it, the Court once again finds that none of the challenged evidence or argument presented in Plaintiff's motion is relevant at this time. Therefore, the Court again dismisses as moot Plaintiff's motion to strike.

III.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S
COUNTERCLAIMS AND AFFIRMATIVE DEFENSES

Finally, Plaintiff requests that this Court reconsider Plaintiff's motion for summary judgment on Defendant's counterclaims and affirmative defenses [dkt. 49]. While this Court granted Plaintiff's motion with regards to Defendant's counterclaims in its Original Order, it denied Plaintiff's motion with respect to Defendant's affirmative defenses as moot, given that the Court dismissed all of Plaintiff's claims on summary judgment. Plaintiff now asserts that, as the Sixth Circuit reversed the dismissal of Plaintiff's trademark infringement claim, Plaintiff's motion for summary judgment on Defendant's affirmative defenses is no longer moot.

The Court is not convinced that reconsideration of this motion is warranted. Beyond the glaring technical issues with Plaintiff's motion for summary judgment on Defendant's affirmative defenses,[3] the Court finds that consideration of this motion at this time would not adhere to the instructions given by the Sixth Circuit. In its opinion reversing this Court's non-infringement judgment, the Sixth Circuit determined that this case "is a close call and could, on a fair comparison of the evidence to date, be decided either way." Dkt. # 104, p. 9. Indeed, the Sixth Circuit specifically left the "remaining factual disputes for the factfinder." *Id.*, at p. 10. Plaintiff's request to reconsider its motion for summary judgment on Defendant's affirmative defenses completely ignores the Sixth Circuit's opinion that legitimate "factual disputes"

---

[3] Although Plaintiff seeks "summary judgment" on Defendant's affirmative defenses, the Court finds that Plaintiff is actually seeking to strike Defendant's responsive pleadings. As such, the Court will treat Plaintiff's motion for summary judgment as a motion to strike. *See Dynasty Apparel Indus. Inc. v. Rentz*, 206 F.R.D. 603, 606 (S.D. Ohio 2002) ("A motion for summary judgment is not the proper vehicle with which to test the legal sufficiency of a pleading."). As established by the Sixth Circuit, "the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819 (6th Cir. 1953). Additionally, Plaintiff's request to strike Defendant's responsive pleadings came a full 13 months after Defendant originally filed its answer, well outside the timeline provided by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(f)(2) (stating motions seeking to strike an insufficient defense from a pleading must be filed within 21 days after being served with the pleading).

10

regarding Plaintiff's trademark infringement claim persist and should be left "for the factfinder." As such, the Court finds it inappropriate and inapposite to the Sixth Circuit's order to rule on Defendant's potential affirmative defenses to such a claim.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Permanent Injunction and Renewed Summary Judgment [dkt. 109] is GRANTED IN PART and DENIED IN PART. Specifically, this Court GRANTS Plaintiff's request for permanent injunctive relief. Such relief will be entered concurrently with this Order.

IT IS FURTHER ORDERED that Plaintiff's request to reconsider: (1) its motion for summary judgment that Defendant's "8-HR ENERGY" durational claims are false [dkt. 52], (2) its motion to strike evidence and argument presented by Defendant on summary judgment [dkt. 67], and (3) its motion for summary judgment on Defendant's counterclaims and affirmative defenses [dkt. 49] is DENIED.

IT IS FURTHER ORDERED that Plaintiff must provide the Court with additional briefing regarding Plaintiff's durational false advertising claim. Such briefing must address the following issues:

1) which (if any) of Defendant's advertisements proclaiming eight hours of energy contained literal falsities;
2) which (if any) of  Defendant's advertisements proclaiming eight hours of energy contained misleading representations; and
3) which (if any) of the above referenced advertisements tend to deceive a substantial portion of the intended audience.

The Court also requires both parties to address the remaining *American Council* factors. This briefing shall contain specific and accurate legal support – including pinpoint citations to authority relied upon – and shall be limited to 10 pages. This briefing must be submitted no later than 14 days from entry of this Order. Any response Defendant wishes to file shall be limited to

10 pages and must be submitted no later than 7 days after entry of Plaintiff's additional briefing.

No reply brief shall be permitted.

     IT IS SO ORDERED.

                                      s/Lawrence P. Zatkoff
                                      HON. LAWRENCE P. ZATKOFF
Date:   August 26, 2014               U.S. DISTRICT JUDGE