UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

INNOVATION VENTURES, LLC,
a Michigan Limited Liability Company,            Case No.: 2:09-cv-13783-MAG-RSW

      Plaintiff,                                Hon. Mark A. Goldsmith

-vs-

BHELLIOM ENTERPRISES CORP.,                      R. Steven Whalen
a Florida corporation,                           U.S. Magistrate Judge

      Defendant.
_____

Marc Lorelli (P63156)                    James K. Thome (P25629)
Thomas W. Cunningham (P57899)            Vandeveer Garzia, PC
Brooks Kushman PC                        Attorneys for Defendant
Attorneys for Plaintiff                  840 West Long Lake Road
1000 Town Center, 22nd Floor             Suite 600
Southfield, MI  48075                    Troy, MI 48098
(248) 358-4400                           (248) 312-2800
mlorelli@brookskushman.com               jthome@VGpcLAW.com
_____

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The defendant, by its attorneys, Vandeveer Garzia, PC, for Defendant's

Motion for Summary Judgment in this case, states as follows:

1.    The undersigned counsel certifies that counsel personally spoke to

opposing counsel on November 6, 2015 explaining the nature of the relief to be

sought by way of this motion and seeking concurrence in the relief; opposing

counsel expressly denied concurrence.

2.      Defendant Bhelliom Enterprises Corporation is asking the Court to grant it a summary judgment pursuant to Fed. R. Civ. P 56.

3.      The plaintiff ("Innovation", "Living Essentials" or "LE") markets and sells liquid nutritional supplements called "energy shots" under the name "5-hour Energy".

4.      Bhelliom markets and sells nutritional supplements under its trademark, Mr Energy®, which is registered on the Principal Register.  Those products included energy shots in the past but now consist only of pills or capsules.

5.      Bhelliom markets and sells some of its capsules or pill products under "Mr Energy® 8-HR Maximum Strength Energy".  Bhelliom marketed and sold an energy shot in the past under that name but no longer does so.

6.      The plaintiff sued Bhelliom alleging trademark infringement because Bhelliom uses the terms "8", "HR" and "Energy" in connection with some of its products even though it always uses its registered trademark, Mr Energy®, on those products and in connection with its advertising.

7.      There is no evidence in this case that the relevant consuming public is likely to be confused by the names of LE's and Bhelliom's products.

8.      Bhelliom uses the abbreviation "HR" and the word "Energy" to describe its products along with its registered trademark.  The overall name of

some of its capsule and pill products, Mr Energy® 8-HR Maximum Strength
Energy, is not even remotely similar to the name of the plaintiff's products.

9.     LE also claims that some of Bhelliom's product names and
advertisements imply that its products can provide energy or a perception of
energy for a "maximum" of eight hours, and that this tends to deceive a substantial
portion of an intended audience or is literally false.

10.     The plaintiff cannot show that some of Bhelliom's product names are
false or deceptive.  Bhelliom uses a reputable contract manufacturer that is an
expert in the nutritional supplement industry to formulate its products.  It has
adequate substantiation, pursuant to the Dietary Supplement Health and Education
Act ("DSHEA"), including personal experiences and customer testimonials, that its
products perform as their names may imply.

11.     The terms "8", "HR" and "Energy" used in connection with some of
Bhelliom's products are generic and descriptive.  Bhelliom's use of those terms
and names, along with its trademark, Mr Energy®, is done in good faith to fairly
identify its products.

WHEREFORE, the defendant respectfully requests the Court for the
following relief:

A.     That the Court enter a summary judgment in favor of the defendant
       and against the plaintiff dismissing the plaintiff's claims of trademark
       infringement with respect to all of the defendant's products as well as
       its capsule and pill products with prejudice;

3

B.     That the Court find and determine that the defendant has adequate support for the statements in its advertising and related materials, that there is no evidence that any such statements are literally false, that the plaintiff has submitted no credible evidence that any statements in connection with Bhelliom's products have any tendency to deceive a substantial portion of the intended audience, and that the plaintiff is not entitled to an injunction with respect to any such statements.

C.     That the Court enter a summary judgment in favor of the defendant and against the plaintiff dismissing all of the plaintiff's claims with prejudice.

D.     That the Court grant the defendant any and all further relief to which the court finds the defendant is justly entitled including costs and attorney's fees.


                              s/James K. Thome
                              James K. Thome
                              Vandeveer Garzia, PC
                              Attorneys for Defendant
                              840 West Long Lake Road
                              Suite 600
                              Troy, MI  48098
                              (248) 312-2800
                              jthome@VGpcLAW.com
                              P25629

November 16, 2015

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

INNOVATION VENTURES, LLC,
a Michigan Limited Liability Company,          Case No.: 2:09-cv-13783-MAG-RSW

       Plaintiff,                          Hon. Mark A. Goldsmith

-vs-

BHELLIOM ENTERPRISES CORP.,          R. Steven Whalen
a Florida corporation,                          U.S. Magistrate Judge

       Defendant.
_____

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT**

# TABLE OF CONTENTS

Statement of Issues Presented ........................................................................iii

Controlling or Most Appropriate Authority.................................................... v

Index of Authorities ....................................................................................... vi

Index of Exhibits Included in Appendix ......................................................... x

Statement of Material Facts ............................................................................ 1

    The Trial Court's Prior Decision ............................................................. 7

    The Court of Appeals Decision................................................................. 8

Argument........................................................................................................ 10

    The Trial Court's Prior Decision ........................................................... 10

    The Court of Appeals Decision............................................................... 10

    Summary Judgment Standard ................................................................. 12

    Trademark Infringement - Likelihood of Confusion ............................. 14

    Fair Use .................................................................................................. 18

    False Advertising Claims Under 15 USC 1125(a) ................................. 19

    No Literally False Statements................................................................. 21

Conclusions.................................................................................................... 23

Relief Requested ........................................................................................... 24

Local Rule Certification................................................................................ 25

Certificate of Service .................................................................................... 26

## STATEMENT OF ISSUES PRESENTED

1.      Should the Court grant the defendant a summary judgment pursuant to Federal Rule of Civil Procedure 56 dismissing the plaintiff's claims of trademark infringement, and related causes of action under 15 USC 1125(a) with respect to the name of the defendant's capsule and pill products, "Mr Energy® 8-HR Maximum Strength Energy" since the defendant has valid and subsisting trademark rights in the name "Mr Energy", this trademark is always used in connection with the defendant's goods,  and the use of any other descriptive terms along with that trademark are used fairly and in good faith to describe the defendant's products?


2.      Should the Court grant the defendant a summary judgment pursuant to Federal Rule of Civil Procedure 56 dismissing the plaintiff's claims of trademark infringement and related causes of action under 15 USC 1125(a) with respect to any use of the terms "8", "HR" and "Energy" in connection with all of its products since there is no question as to any material fact that those terms are generic and descriptive, are not entitled to trademark protection, and that the defendant's use of those terms, along with its trademark, Mr Energy® is in good faith to fairly describe its products?

3.     Should the Court grant the defendant a summary judgment pursuant to Federal Rule of Civil Procedure 56 dismissing the plaintiff's claims of trademark infringement and related causes of action with respect to its capsule and pill products since there is no question as to any material fact that there is no likelihood that relevant consumers of energy shot products and nutritional supplements would confuse the plaintiff's liquid energy shot products"5-hour Energy" with the defendant's capsule and pill products, "Mr Energy® 8-HR Maximum Strength Energy"?

4.     Should the Court grant the defendant a summary judgment pursuant to Federal Rule of Civil Procedure 56 dismissing the plaintiff's claims arising out of the defendant's advertising because the defendant's advertising is accurate, the defendant has adequate evidence to support any such advertising, it is not literally false, and the plaintiff cannot show that any such advertising has a tendency to deceive a substantial portion of the intended audience?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

Federal Rule of Civil Procedure 56

The United States Trademark Act of 1946 (the Lanham Act), 15 U.S.C. 1051 *et seq.*

*American Council of Certified Podiatric Physicians and Surgeons v. American Board of Podiatric Surgery, Inc.*, 185 F. 3d 606 (6th Cir. 1999).

Dietary Supplement Health and Education Act of 1994, 21 U.S.C. §§ 321 et seq. ("DSHEA")

*Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F. 2d 642 (6th Cir. 1982), *cert. denied*, 459 U. S. 916 (1982)

*Innovation Ventures, LLC v. Bhelliom Enterprises Corp.*, 529 Fed. Appx. 560, U.S. App. LEXIS 13631, 2013 WL 3306330 (6th Cir. 2013)

# INDEX OF AUTHORITIES

<u>CASES</u>

*American Council of Certified Podiatric Physicians and Surgeons v.*
*American Board of Podiatric Surgery, Inc.*,
185 F. 3d 606 (6th Cir. 1999)................................................... v, 3, 5, 6, 7, 12, 19, 20

*Anderson v. Liberty Lobby, Inc.*,
477 U. S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ....................12, 13

*Balance Dynamics Corp v. Schmitt Ind.*, 204 F. 3d 690 (6th Cir. 2000)..................20

*Carson v. Here's Johnny Portable Toilets, Inc*., 698 F. 2d 831 (6th Cir. 1983).......15

*Castrol, Inc., v. Pennzoil Co.*, 987 F. 2d 939, 944-46 (3d Cir. 1993) .....................21

*Celotex Corporation v. Catrett*, 477 U. S. 317, 106 S. Ct. 2548,
81 L. Ed. 2d 265 (1986) .........................................................................14

*ETW Corp. v. Jireh Publishing, Inc*., 332 F. 3d 915 (6th Cir. 2003).......................18

*First National Bank v. Cities Serv. Co*., 391 U. S. 253, 270, 88 S. Ct. 1575,
20 L. Ed. 2d 569 (1968) ........................................................................13

*Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*,
670 F. 2d 642 (6th Cir. 1982), *cert denied*, 459 U. S. 916 (1982) ...............v, 3, 7, 15

*Groden v. Random House, Inc.*, 61 F. 3d 1045, 1052 (2d Cir. 1995).....................20

*Herman Miller v. Palazetti Imports and Exports*, 270 F. 3d 298 (6th Cir. 2001) ....18

*In re Dollar Corp.*, 25 F. 3d 1320, 1323 (6th Cir. 1994)..........................................12

*Innovation Ventures, LLC v. Bhelliom Enterprises Corp*.,
529 Fed. Appx. 560, U.S. App. LEXIS 13631,
2013 WL 3306330 (6th Cir. 2013)............................... v, xi, 2, 7, 8, 9, 11, 12, 19, 21

*Kraft v. United States*, 991 F. 2d 292, 296 (6th Cir. 1993),
*cert. denied*, 114 S Ct 467 (1993) .........................................................13

*Little Caesar Enterprises v. Pizza Caesar, Inc.*, 834 F. 2d 568 (6th Cir. 1987).......16

*Matsushita Elec Indus Co v. Zenith Radio Corp.*,
475 U. S. 574, 586, 106 S. Ct., 1348, 89 L. Ed. 2d 538 (1986)........................12, 14

*Pizza Hut, Inc. v. Papa John's International, Inc.*,
227 F. 3d 489, 495 (5th Cir. 2000)...............................................19, 20, 21

*Rouse v. Daimler Chrysler Corporation UAW Non-Contributory Plan,*
300 F. 3d 711 (6th Cir. 2002).............................................2, 3, 7, 8, 9, 11

*Sandoz Pharmacy Corp. v. Richardson-Vicks, Inc.*,
902 F. 2d 222, 229 (3d Cir. 1990)......................................................20, 21

*Southland Sod Farms v. Stover Seed Co.*,
108 F. 3d 1134, 1139 (9th Cir. 1997)...................................................21

*Street v. J. C. Bradford*, 886 F. 2d 1472 (6th Cir. 1989) ...................................12, 14

*Therma-scan, Inc. v. Thermo-scan, Inc.*,
295 F. 3d 623, 629 (6th Cir. 2002)................................................8, 10, 15

*United Indus. Corp. v. The Clorox Co.,*
140 F. 3d 1175, 1181 (8th Cir. 1998) ............................................22, 24

*U. S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia,*
898 F. 2d 914 (3d Cir. 1990)....................................................................20

*Warner Brothers, Inc. v. Gay Toys, Inc.*, 658 F. 2d 76 (2d Cir. 1981)...................15

Wynn Oil Co. v. Thomas ("Wynn Oil I"), 839 F. 2d 1183 (6th Cir. 1988).......15, 16

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 32 .........................................................................3, 5, 6

Fed. R. Civ. P. 56 ......................................................................... iii, iv, v

Fed. R. Civ. P. 56(c)........................................................................12, 14

Fed. R. Civ. P. 56(e)..............................................................................13


## UNITED STATES CODE

15 U.S.C. 1051-1129, United States Trademark
Act of 1946 (Lanham Act)..........................................................................v

15 U.S.C. 1115(b)(4)..............................................................................18

15 U.S.C. 1125(a) ................................................................ii, iii, 14, 15, 19

Dietary Supplement Health and Education Act of 1994,
21 U.S.C. §§ 321 et seq. ("DSHEA").........................................v, x, 3, 4, 5, 6, 7, 23


## FEDERAL RULES OF EVIDENCE

F.R.E. 401 ................................................................ 1, 2, 3, 4, 5, 6, 7, 8, 9

F.R.E. 402 ................................................................ 1, 2, 3, 4, 5, 6, 7, 8, 9

F.R.E. 705 ............................................................................................7

F.R.E. 801(d)(2) ..............................................................................1, 2, 7

F.R.E. 802 ....................................................................................6, 7, 23

F.R.E. 803(8)....................................................................................3, 4

F.R.E. 803(18)........................................................................................7


## LOCAL RULES

L.R. 5.1(a) .........................................................................................25

L.R. 7.1(d)(3) ......................................................................................25

<u>OTHER AUTHORITIES</u>

*CAFFEINE FOR THE SUSTAINMENT OF MENTAL TASK PERFORMANCE,
Formulations for Military Operations,* Institute of Medicine,
National Academy Press, 2001 ........................................................................x, 6, 7

# INDEX OF EXHIBITS INCLUDED IN APPENDIX

A.    Dkt. #119-12; New York case with allegations by Innovation Ventures (part)

B.    Bhelliom Advertisements, including Dkt. #118-1 and Dkt. #135-4

C.    Trademark Registration for "Mr Energy"

D.    Plaintiff's Responses to Defendant's Discovery Requests for Information about Actual Confusion; Answers to Interrogatories and Answers to Requests to Produce

E.    Transcript of Deposition of Casey McCarthy (relevant parts), 08/18/2010

F.    Transcript of Deposition of Joseph McCarthy (relevant parts), 10/28/2010

G.    FDA summaries of the provisions of The Dietary Supplement Health and Education Act of 1994, 21 U.S.C. §§ 321 et seq. ("DSHEA")

H.    Emails Between Bhelliom and its Contract Manufacturer, Garden State Nutritionals ("GSN")

I.    Transcript of Testimony of David Ohl of GSN, 11/29/2010

J.    Admissions and Advertisements of GSN

K.    Third-party Reviews of Bhelliom Products

L.    Declaration of Joseph McCarthy with Survey Results

M.    *CAFFEINE FOR THE SUSTAINMENT OF MENTAL TASK PERFORMANCE, Formulations for Military Operations,* Institute of Medicine, National Academy Press, 2001 and "Expert" Kreider's Reliance on that Document, Dkt. #163-12 (Sealed)[1]

N.    Trial Court's Opinion and Order, Dkt. #86

---

[1] The publisher is different in Kreider foot note 3, but the article is the same.

O.    *Innovation Ventures, LLC v. Bhelliom Enterprises Corp*., 529 Fed. Appx. 560, U.S. App. LEXIS 13631, 2013 WL 3306330 (6th Cir. 2013)

## STATEMENT OF MATERIAL FACTS

1.     Plaintiff Innovation Ventures, LLC. ("Innovation", "Living Essentials" or "LE") markets, distributes and sells "energy shots" under the name "5-hour Energy".[2]

2.     LE claims that its total sales "since 2004 have amounted to well over $200 million dollars."[3]

3.     Lately, "sales of 5-hour Energy® have increased at a substantial rate. Since 2004, billions of dollars' worth of 5-hour Energy® have been sold to millions of consumers."[4]

4.     5-hour Energy is "the best-selling energy dietary supplement."[5]

5.     LE has "annual retail sales in excess of $1 billion dollars."[6]

6.     LE sued Bhelliom alleging trademark infringement and false advertising.[7]

---

[2] Complaint, Dkt. #1, pp. 2-4, 7, ¶¶5-14, 25.  Pleadings are relevant and admissible as a party admission.  F.R.E. 401, 402, and 801(d)(2).

[3] Complaint, Dkt. #1, p. 3, ¶10.  Pleadings are relevant and admissible as a party admission.  F.R.E. 401, 402, and 801(d)(2).

[4] Exhibit A, Dkt. #119-12, p. 23, ¶107.  Pleadings are relevant and admissible as a party admission.  F.R.E. 401, 402, and 801(d)(2).

[5] Exhibit A, Dkt. #119-12, p. 3, ¶1.  Pleadings are relevant and admissible as a party admission.  F.R.E. 401, 402, and 801(d)(2).

[6] Exhibit A, Dkt. #119-12, p. 19, ¶93 and p. 3, ¶1.  Pleadings are relevant and admissible as a party admission.  F.R.E. 401, 402, and 801(d)(2).

7.      The trial court dismissed LE's claim for common law trademark infringement, Count II of its complaint.[8]

8.      LE is not asserting a claim for trade dress infringement.[9]

9.      Bhelliom now markets and sells one product that the plaintiff is complaining about, its Mr Energy® 8-HR pills or capsules.[10] [11]

10.     The labels on Bhelliom's bottles of pills and in some of its advertisements contain the language: "Mr Energy® 8-HR Maximum Strength Energy". Bhelliom does not guarantee that its products provide a perception of energy for 8 hours. It does not say that the products can provide such a perception for a "minimum" of 8 hours. Bhelliom does not represent that its product will perform the same for every individual.[12]

---

[7] Complaint, Dkt. #1. Pleadings are relevant and admissible as a party admission. F.R.E. 401, 402, and 801(d)(2).

[8] Dkt. #5. Prior orders and findings of the Court are relevant and constitute the law of the case. F.R.E. 401 and 402; *Rouse v. Daimler Chrysler Corporation UAW Non-Contributory Plan,* 300 F. 3d 711 (6th Cir. 2002).

[9] Exhibit N, Dkt. #86, p. 10, fn. 5. Prior orders and findings of the Court are relevant and constitute the law of the case. F.R.E. 401 and 402; *Rouse v. Daimler Chrysler Corporation UAW Non-Contributory Plan,* 300 F. 3d 711 (6th Cir. 2002).

[10] Exhibit B, Dkt. #118-1 and Dkt. #135-4; *Innovation Ventures, LLC*, 529 Fed. Appx. at 562. Pleadings are relevant and admissible as a party admission. F.R.E. 401, 402, and 801(d)(2). Prior orders and findings of the Court are relevant and constitute the law of the case. F.R.E. 401 and 402; *Rouse v. Daimler Chrysler Corporation UAW Non-Contributory Plan,* 300 F. 3d 711 (6th Cir. 2002).

[11] Bhelliom no longer markets and sells an energy shot. It was not successful.

[12] Exhibit B, Dkt. #118-1 and Dkt. #135-4; *Innovation Ventures, LLC*, 529 Fed. Appx. at 562. Pleadings are relevant and admissible as a party admission. F.R.E. 401, 402, and 801(d)(2). Prior orders and findings of the Court are relevant and

11.    Bhelliom's trademark is registered on the Principal Register.[13]

12.    There is no evidence in this case of any actual confusion between LE's products and Bhelliom's products.[14]

13.    Bhelliom did not select the names of any of its products with the intent to copy or mimic LE's products.  Bhelliom chose the name Mr Energy® 8-HR for two reasons.  The name is suggestive of an 8 hour shift or working day and its products have provided a "maximum" (not a "minimum" or a "guarantee") of 8 hours of perceived energy.[15]

14.    The Dietary Supplement Health and Education Act of 1994, 21 U.S.C. §§ 321 et seq. ("DSHEA") governs the marketing of dietary supplements.[16]

---

constitute the law of the case.  F.R.E. 401 and 402; *Rouse v. Daimler Chrysler Corporation UAW Non-Contributory Plan,* 300 F. 3d 711 (6th Cir. 2002).
[13] Exhibit C.  Relevant evidence is admissible.  F.R.E. 401 and 402.  Public records are not hearsay.  F.R.E. 803(8).
[14] Exhibit D.  Evidence of actual confusion or deception is relevant to an evaluation of trademark infringement and false advertising.  Discovery responses are an admission of a party.  F.R.E 401, 402 and 801(d)(2); *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc*., 670 F. 2d 642 (6th Cir. 1982), *cert. denied*, 459 U. S. 916 (1982); *American Council of Certified Podiatric Physicians and Surgeons v. American Board of Podiatric Surgery, Inc.*, 185 F. 3d 606 (6th Cir. 1999).
[15] Exhibit E, pp. 66-67; Exhibit F, pp. 35-36; Testimony of Casey and Joseph McCarthy; Intent is a relevant inquiry with respect to an infringement claim.  Deposition testimony can be used against a party. F.R.E. 401 and 402; Fed. R. Civ. P. 32; *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc*., 670 F. 2d 642 (6th Cir. 1982), *cert. denied*, 459 U. S. 916 (1982).
[16] Exhibit G.  Rather than attaching the voluminous statutes and regulations relating to DSHEA, the defendant attaches explanations provided by the FDA. The basis of Bhelliom's claims and the information relied upon in making them is

DSHEA:

- Does not require that the information relied upon in support of any statements concerning dietary supplements, including contents and function claims, is subject to or must comply with the F.R.E.;

- Only requires that there must be "substantiation" that any statements used are truthful and not misleading;

- Does not require that the manufacturer of a dietary supplement obtain approval from the FDA prior to marketing a dietary supplement;

- Makes the manufacturer responsible for the safety of a supplement;

- Requires no clinical studies, or hired "expert" testimony as a condition of marketing a dietary supplement.

  Evidence that is allowed to establish "substantiation" includes:

- Testimonials and other anecdotal evidence;

- Review articles;

- Comments and Letters to the Editor;

---

relevant in this case.  F.R.E. 401 and 402; Dietary Supplement Health and Education Act of 1994, 21 U.S.C. §§ 321 et seq. ("DSHEA").  Public records and publications are a hearsay exception.  F.R.E. 803(8).

15.     In determining whether there is "substantiation" in support of any claims with respect to dietary supplements, one must "Consider the Totality of the Evidence".[17]

16.     Bhelliom asked Garden State Nutritionals ("GSN"), an expert in dietary supplements, to create a product that would last for 8 hours.[18]

17.     GSN is a "trusted leader in the formulation, development and manufacture of custom dietary products."  "**GSN offers expert formulation**."  It offers assistance with regulatory compliance.[19]

18.     GSN never said that the products it developed for Bhelliom were deficient from what Bhelliom requested.[20]

---

[17] Exhibit G, p. 13 of 17 in the second group of documents.  The basis of Bhelliom's claims and the information relied upon in making them is relevant in this case.  F.R.E. 401 and 402.  Dietary Supplement Health and Education Act of 1994, 21 U.S.C. §§ 321 et seq. ("DSHEA").

[18] Exhibit E, p. 41; Exhibit F, pp. 37-39; Exhibit H; Exhibit I, pp 61-62.  The effectiveness of Bhelliom's products is relevant in this case.  Depositions can be used against a party.  F.R.E. 401 and 402; Fed. R. Civ. P. 32; *American Council of Certified Podiatric Physicians and Surgeons v. American Board of Podiatric Surgery, Inc.*, 185 F. 3d 606 (6th Cir. 1999).

[19] Exhibit J; Exhibit I, pp. 50-55; The effectiveness of Bhelliom's products is relevant in this case.  Depositions can be used against a party.  F.R.E. 401 and 402; Fed. R. Civ. P. 32; *American Council of Certified Podiatric Physicians and Surgeons v. American Board of Podiatric Surgery, Inc.*, 185 F. 3d 606 (6th Cir. 1999).

[20] Exhibits H and Exhibit I, pp. 62-63; The effectiveness of Bhelliom's products is relevant in this case.  Depositions can be used against a party.  F.R.E. 401 and 402; Fed. R. Civ. P. 32.

19.     The McCarthy brothers and their acquaintances tested the Bhelliom

products and were satisfied that the products performed.[21]

20.     Reviews of the Bhelliom products by third-parties are favorable.[22]

21.     Bhelliom's customers are very satisfied with the performance of its

products and many have reported experiencing up to 8 hours of energy.[23]

22.     *CAFFEINE FOR THE SUSTAINMENT OF MENTAL TASK*

*PERFORMANCE, Formulations for Military Operations,* Institute of Medicine,

---

[21] Exhibit E, pp. 74-75, 88-91, 129-130, 149-150; Exhibit F, pp. 35-36.  The effectiveness of Bhelliom's products is relevant in this case.  Depositions can be used against a party.  F.R.E. 401 and 402; Fed. R. Civ. P. 32; *American Council of Certified Podiatric Physicians and Surgeons v. American Board of Podiatric Surgery, Inc.*, 185 F. 3d 606 (6th Cir. 1999).  Exhibit G.  **DSHEA allows personal experience and anecdotal evidence to support product claims.  Therefore, such evidence is not precluded by the hearsay rule.  F.R.E. 802**.  Dietary Supplement Health and Education Act of 1994, 21 U.S.C. §§ 321 et seq. ("DSHEA").

[22] Exhibit K.  The effectiveness of Bhelliom's products is relevant in this case. *American Council of Certified Podiatric Physicians and Surgeons v. American Board of Podiatric Surgery, Inc.*, 185 F. 3d 606 (6th Cir. 1999).  Exhibit G. DSHEA allows personal experience, product reviews, and anecdotal evidence to support product claims.  Dietary Supplement Health and Education Act of 1994, 21 U.S.C. §§ 321 et seq. ("DSHEA").  **Therefore, such evidence is not precluded by the hearsay rule.  F.R.E. 802**.

[23] Exhibit L.  The effectiveness of Bhelliom's products is relevant in this case. *American Council of Certified Podiatric Physicians and Surgeons v. American Board of Podiatric Surgery, Inc.*, 185 F. 3d 606 (6th Cir. 1999).  Exhibit G. **DSHEA allows personal experience, product reviews, and anecdotal evidence to support product claims.**  Dietary Supplement Health and Education Act of 1994, 21 U.S.C. §§ 321 et seq. ("DSHEA").  **Therefore, such evidence is not precluded by the hearsay rule.  F.R.E. 802**.

National Academy Press, 2001 is an authoritative treatise and used by the

plaintiff's "expert" in his analysis of issues in this case.[24]

23.    LE has produced no evidence in this case that any of Bhelliom's

statement in connection with the marketing of its products has deceived anyone, let

alone "a substantial portion of the intended audience."[25]

### THE TRIAL COURT'S PRIOR DECISION

24.    In an Opinion and Order dated 07/26/11 (the "Opinion", Dkt. # 86, Pg

ID's 3594 - 3610) the court granted "Defendant's motion for summary judgment

on Plaintiff's trademark infringement claims" based on an analysis of the factors

---

[24] Exhibit M.  The effectiveness of Bhelliom's products is relevant in this case. *American Council of Certified Podiatric Physicians and Surgeons v. American Board of Podiatric Surgery, Inc.*, 185 F. 3d 606 (6th Cir. 1999).  Statements in learned treatises are a hearsay exception.  F.R.E. 803(18).  Facts or data that an expert relies on may be disclosed.  F.R.E. 705.  **DSHEA allows a marketer to use available literature as evidence to support product claims.**  Dietary Supplement Health and Education Act of 1994, 21 U.S.C. §§ 321 et seq. ("DSHEA").  Exhibit G.  **Therefore, such evidence is not precluded by the hearsay rule.  F.R.E. 802.**

[25] Exhibit D; Evidence of actual confusion or deception is relevant to an evaluation of trademark infringement and false advertising.  Discovery responses are an admission of a party.  F.R.E 401, 402 and 801(d)(2); *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F. 2d 642 (6th Cir. 1982), *cert. denied*, 459 U.S. 916 (1982); *American Council of Certified Podiatric Physicians and Surgeons v. American Board of Podiatric Surgery, Inc.*, 185 F. 3d 606 (6th Cir. 1999).  Exhibit O, *Innovation Ventures, LLC v. Bhelliom Enterprises Corp.*, 529 Fed. Appx. 560, U.S. App. LEXIS 13631, 2013 WL 3306330 (6th Cir. 2013) at Fed. Appx. 569.  Exhibit N, Dkt. #86, Opinion of the Trial Court, p. 12: "Plaintiff presents no proof, through loss of sales or otherwise, that it incurred specific damages due to any of the allegedly false advertising."

approved by the 6th Circuit in *Therma-Scan, Inc. v. Thermoscan, Inc.* 295 F. 3d 623 (6th Cir. 2002).[26]

25.     In its decision, the trial court did not separately consider Bhelliom's pill products in connection with LE's trademark infringement claims.[27]

25.     The Court granted the Defendant's motion for summary judgment on the plaintiff's false advertising claim because the plaintiff failed to show a "causal link between the alleged false advertising and harm to Plaintiff."  In fact, the Plaintiff presented "no proof, through loss of sales or otherwise, that it incurred specific damage due to any alleged false advertising,"[28]

26.     The trial court did not address or decide Bhelliom's "fair use" defense.[29]

## THE COURT OF APPEALS DECISION

27.     The Court of Appeals reversed the trial court as to the plaintiff's trademark infringement claim and affirmed in part and reversed in part the judgment on the false advertising claims.[30]

---

[26] Exhibit N, Opinion, Dkt. # 86, pp. 6-10.  Prior orders and findings of the Court are relevant and constitute the law of the case.  F.R.E. 401 and 402;  *Rouse v. Daimler Chrysler Corporation UAW Non-Contributory Plan,* 300 F. 3d 711 (6th Cir. 2002).

[27] Exhibit O, *Innovation Ventures, LLC*, 529 Fed. Appx. at 565; Exhibit N

[28] Exhibit N, Opinion, Dkt. # 86, pp. 10–13.

[29] Exhibit N, Opinion, Dkt. # 86, p. 10, fn. 4.

[30] Exhibit O, *Innovation Ventures, LLC*, 529 Fed. Appx. at 561.

28.     The Court of Appeals declined to entertain LE's request for entry of a summary judgment on trademark infringement partly because:

> LE's argument for summary judgment, like the district court's opinion below, fails to distinguish Bhelliom's energy shots from its pills. One would expect the likelihood-of-confusion analysis to differ somewhat when comparing a *liquid* energy shot to a bottle of energy pills. LE's argument fails to account for these product differences.[31]

29.     The Court of Appeals indicated further that "Bhelliom's pill and energy-shot versions of '8-HR ENERGY' warrant separate consideration."[32]

30.     The Court of Appeals acknowledged that LE did not dispute the finding of the trial court that it failed to present evidence of any harm with respect to its false advertising claims.[33]

31.     Therefore, as for alleged damages from claims for false advertising, the Court held:

> **We affirm the district court's denial of damages for the false advertising claims.[34]**

---

[31] Exhibit O, *Innovation Ventures, LLC*, 529 Fed. Appx. at 564.  Prior orders and findings of the Court are relevant and constitute the law of the case.  F.R.E. 401 and 402; *Rouse v. Daimler Chrysler Corporation UAW Non-Contributory Plan,* 300 F. 3d 711 (6th Cir. 2002).

[32] Exhibit O, *Innovation Ventures, LLC*, 529 Fed. Appx. at 565.  Prior orders and findings of the Court are relevant and constitute the law of the case.  F.R.E. 401 and 402; *Rouse v. Daimler Chrysler Corporation UAW Non-Contributory Plan,* 300 F. 3d 711 (6th Cir. 2002).

[33] Exhibit O, *Innovation Ventures, LLC*, 529 Fed. Appx. at 566.

[34] Exhibit O, *Innovation Ventures, LLC*, 529 Fed. Appx. at 566 (emphasis added). Prior orders and findings of the Court are relevant and constitute the law of the case.  F.R.E. 401 and 402; *Rouse v. Daimler Chrysler Corporation UAW Non-Contributory Plan,* 300 F. 3d 711 (6th Cir. 2002).

9

**ARGUMENT**

<u>THE TRIAL COURT'S PRIOR DECISION</u>

In an Opinion and Order dated 07/26/11 (the "Opinion", Dkt. # 86, Pg ID's 3594 - 3610) the trial court granted "Defendant's motion for summary judgment on Plaintiff's trademark infringement claims." Exhibit N, Opinion, p. 10, Pg ID 3603. This was based on an analysis of the factors approved by the 6th Circuit in *Therma-Scan, Inc. v. Thermoscan, Inc.* 295 F. 3d 623 (6th Cir. 2002). Exhibit N, Opinion, p. 6, Pg ID 3599.

The Court granted the Bhelliom's motion for summary judgment on the plaintiff's false advertising claim because the plaintiff failed to show a "causal link between the alleged false advertising and harm to Plaintiff." Exhibit N, Opinion, pp. 10 – 13, Pg ID's 3603- 3606. In fact, LE presented "no proof, through loss of sales or otherwise, that it incurred specific damage due to any alleged false advertising," Exhibit N, Opinion, p. 12, Pg ID 3605.

The trial court did not address or decide Bhelliom's "fair use" defense. Exhibit N, Opinion, Dkt. # 86, p. 10, fn. 4. Therefore, this Court is free to address that defense with respect to all of the defendant's products.

<u>THE COURT OF APPEALS DECISION</u>

The Court of Appeals declined to entertain LE's request for entry of a summary judgment on trademark infringement partly because:

LE's argument for summary judgment, like the district court's opinion below, fails to distinguish Bhelliom's energy shots from its pills. One would expect the likelihood-of-confusion analysis to differ somewhat when comparing a *liquid* energy shot to a bottle of energy pills. LE's argument fails to account for these product differences.

Exhibit O, *Innovation Ventures, LLC*, 529 Fed. Appx. at 564.

Further, the Court indicated that "Bhelliom's pill and energy-shot versions of '8-HR ENERGY' warrant separate consideration." Exhibit O, *Innovation Ventures, LLC,* 529 Fed. Appx. at 565. Again, since the previous trial court did not analyze Bhelliom's pill products, the Court of Appeals directed this Court to do so.

The Court of Appeals acknowledged that LE did not dispute the finding of the trial court that it failed to present evidence of any harm with respect to its false advertising claims. Exhibit O, *Innovation Ventures, LLC*, 529 Fed. Appx. at 566. Therefore, as for alleged damages from claims for false advertising, the Court held:

> **We affirm the district court's denial of damages for the false advertising claims.**

Exhibit O, *Innovation Ventures, LLC*, 529 Fed. Appx. at 566 (emphasis added).

This is the law of the case. *Rouse v. Daimler Chrysler Corporation UAW Non-Contributory Plan,* 300 F. 3d 711 (6th Cir. 2002). The plaintiff is entitled to no damages with respect to any claim for false advertising. What is left in that claim is a request for injunctive relief. To obtain such relief, the Court stated that a plaintiff must show that a statement tends to " 'deceive a substantial portion of the

11

intended audience' " and that " 'it must present evidence of some sort demonstrating that consumers were misled.' "  Exhibit O, *Innovation Ventures, LLC*, 529 Fed. Appx. at 569, citing *American Council of Certified Podiatric Physicians and Surgeons v. American Board of Podiatric Surgery, Inc.*, 185 F. 3d 606, 618 (6th Cir. 1999).  The prior trial court did not evaluate these factors.  This Court must do so.

## SUMMARY JUDGMENT STANDARD

Fed. R. Civ. P. 56(c) empowers the Court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

There is no genuine issue of material fact when the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U. S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986); *Street v. J. C. Bradford*, 886 F. 2d 1472 (6th Cir. 1989).

In deciding such a motion, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury".  *In re Dollar Corp.*, 25 F. 3d 1320, 1323 (6th Cir. 1994), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 243, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  "The mere

12

existence of some alleged factual dispute between the parties will not defeat the otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U. S. at 247-48. Only substantive law and facts that are material and only facts that might affect the outcome of the suit under governing law will properly preclude the entry of a summary judgment. *Anderson*, 477 U. S. at 248. The trial court should not consider facts that are unnecessary or irrelevant.

Once the moving party meets its burden, the burden passes to the non-moving party to establish the existence of a disputed factual element essential to its case with respect to which it bears the burden of proof. When a motion is made and supported pursuant to the rule, "an adverse party may not rest upon the mere allegations of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *First National Bank v. Cities Serv. Co.*, 391 U. S. 253, 270, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968). The nonmoving party is not entitled to a trial merely on the basis of allegations. Significant probative evidence must be presented to support its assertions or allegations. *Kraft v. United States*, 991 F. 2d 292, 296 (6th Cir. 1993), *cert. denied*, 114 S. Ct. 467 (1993).

The purpose of the summary judgment rule is to dispose of factually unsupported claims and defenses. *Celotex Corporation v. Catrett*, 477 U. S. 317, 106 S. Ct. 2548, 81 L. Ed. 2d 265 (1986). In *Celotex*, the Court indicated at 81 L. Ed. 2d 275 that "the burden on a moving party may be discharged by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the non-moving party's case." "… the plain language of Rule 56(c) mandates the entry of Summary Judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." The moving party need not support its motion with affidavits or similar material "negating" the opponent's claims. *Celotex,* 81 L. Ed. 2d at 273.

When the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*, 475 U. S. 574, 586, 106 S. Ct., 1348, 89 L. Ed .2d 538 (1986); *Street v. J. C. Bradford*, 886 F. 2d 1472 (6th Cir. 1989).

## TRADEMARK INFRINGEMENT - LIKELIHOOD OF CONFUSION

The Lanham Act prohibits the use of any words terms which are likely to cause confusion as to the origin, sponsorship or approval of the goods. 15 U.S.C.

1125(a). To prevail on a trademark claim, the plaintiff must show that a defendant's name or mark creates a likelihood of confusion. *Therma-scan, Inc. v. Thermo-scan, Inc.,* 295 F. 3d 623, 629 (6th Cir. 2002).

The Sixth Circuit uses likelihood of confusion as the ultimate test to determine whether there is trademark infringement. *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F. 2d 642 (6th Cir. 1982), *cert. denied*, 459 U.3S. 916 (1982); *Wynn Oil Co v. Thomas ("Wynn Oil I")*, 839 F. 2d 1183, 1186 (6th Cir. 1988). "The general concept underlying the likelihood of confusion [test] is that the public believe that 'the mark's owner *sponsored or otherwise approved* the use of the trademark.'" *Carson v. Here's Johnny Portable Toilets, Inc.*, 698 F. 2d 831, 834 (6th Cir. 1983) citing *Warner Brothers, Inc. v. Gay Toys, Inc.,* 658 F. 2d 76, 79 (2d Cir. 1981).

In determining whether a likelihood of confusion exists, the 6th Circuit considers the following eight factors:  1) The strength of the marks;  2) The relatedness of the goods or services;  3) The similarity of the marks;  4) Any evidence of actual confusion;  5) Marketing channels used;  6)  Probable degree of purchaser care and sophistication;  7) The defendant's intent in selecting the mark; and 8) The likelihood of either party expanding its product line.  See *Therma-scan, Inc.,* 295 F. 3d at 630 and *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F. 2d 642 (6th Cir. 1982), *cert. denied*, 459 U. S. 916 (1982).

15

**These factors are simply a guide to help determine whether confusion would be likely to result.  They imply no mathematical precision.**  *Wynn Oil Company v. Thomas (Wynn Oil I)*, 839 F. 2d 1183, 1186 (6th Cir. 1988).

Therefore, let us analyze with respect to the plaintiff's liquid shot and Bhelliom's pill and capsule products:

1)  Strength:  Both marks are strong.  Bhelliom's mark, Mr Energy®, is registered on the Principal Register.  Exhibit C.  Advantage: Neither side.

2)  The goods:  LE only markets liquid energy shots under "5-hour Energy".  Bhelliom markets capsules or pills under Mr Energy®.  Pills are different from shots.  Advantage: Bhelliom.

3)  Similarity of marks:  The only thing that the product names share is a variation on the word "hour" and the word "energy", but the defendant always uses its registered trademark, "Mr Energy®" with those descriptive or generic words.  Even a first-grader knows the difference between an 8 and a 5.  So the names are not similar.  See, for example, *Little Caesar Enterprises v. Pizza Caesar, Inc.*, 834 F. 2d 568 (6th Cir. 1987) where the Court held that those names, though similar, were not likely to confuse.  Advantage: Bhelliom.

4)  Evidence of actual confusion:  The plaintiff has no evidence of actual confusion as to the Mr Energy® products.  Exhibit D.  Advantage: Bhelliom.

5) Marketing channels used:  Bhelliom primarily uses the Internet.  Exhibit B.  LE is sold everywhere, including convenience stores, big box stores, drug stores, and in about 100,000 similar locations.  Exhibit A, pp. 19-23.  Advantage: Bhelliom.

6) Purchaser Care: There is no real data or evidence.  While the goods are generally thought to be convenience goods, they are somewhat expensive for their small size.  Consumers are not going to spend about $3.00 again and again for 2 ounces of liquid that does not perform.  Exhibit A.  Someone is not going to spend time ordering pills over the Internet without reviewing the purchase.  Exhibit B.  Bhelliom contends that there is a degree of purchaser care.  Advantage: Bhelliom.

7) Defendant's intent:  Innocent.  The name "Mr Energy® 8-HR Maximum Strength Energy" was chosen because the defendant is using its valid trademark, a normal working day is 8 hours, and the defendant's information is that its products work.  So the name is a combination of a trademark, a suggestive reference to an 8-hour shift, and an accurate description.  See Exhibit E, pp 66-67 and Exhibit F, pp 35-36, depositions of Casey and Joseph McCarthy, Bhelliom's owners.  There was no intent to copy the plaintiff.  Advantage: Bhelliom.

8) Expansion of product lines:  There is no evidence at this time that the plaintiff intends to market anything other than energy shots under "5-hour Energy".  Bhelliom has stopped selling shots and there is no indication that it is

17

going to start doing it again under the same name.  Advantage: Bhelliom.

Conclusion: There is no likelihood of confusion with respect to LE's energy shots and Bhelliom's pill and capsule products.  Bhelliom is entitled to a summary judgment of dismissal with respect to any claims of trademark infringement with respect to its pill and capsule products.

<u>FAIR USE</u>

Under the doctrine of fair use, one cannot prevent others from using words or terms in their primary or descriptive sense.  Descriptive and primary words with their meanings are always available for use by others to describe their goods and services.  15 U.S.C. 1115(b)(4); *Herman Miller v. Palazzetti Imports*, 270 F. 3d 298, 319 (6th Cir. 2001).  The test for fair use is whether a party has used a word or term in its common, descriptive sense and in good faith.  *ETW Corp. v. Jireh Publishing, Inc.,* 332 F. 3d 915, 920 (6th Cir. 2003).

Bhelliom uses "8", "Hr" and "Energy" to describe the effects of its products that its owners have experienced, that numerous others have reported, and that it requested its contract manufacturer to formulate and produce.  Exhibit E, pp 65-67; Exhibit F, pp. 35-37; Exhibit H; Exhibit I, p. 61.  It uses "8" to signify an eight-hour working day.

For these reasons, Bhelliom is entitled to a summary judgment of dismissal of the plaintiff's claims with respect to all of its products.

18

<u>FALSE ADVERTISING CLAIMS UNDER 15 U.S.C. 1125(a)</u>

To state a cause of action for false or misleading advertising under 15 U.S.C. 1125(a), a plaintiff must establish that 1) the defendant has made false or misleading statement of fact concerning his own product or another's; 2) the statement actually or tends to deceive a substantial portion of the intended audience; 3) the statement is material in that it will likely influence the deceived consumer's purchasing decisions; 4) the advertisements were introduced into interstate commerce; and 5) there is some causal link between the challenged statement and harm to the plaintiff. *American Council of Certified Podiatric Physicians and Surgeons v. American Board of Podiatric Surgery, Inc.*, 185 F. 3d 606, 613-614 (6th Cir. 1999). Exhibit O, *Innovation Ventures, LLC v. Bhelliom Enterprises Corp.*, 529 Fed. Appx at 565.

To prevail under 15 U.S.C. 1125(a)(1)(B), a plaintiff must first show that a commercial advertisement or promotion is either literally false or if not literally false, it is likely to mislead and confuse consumers. *Pizza Hut, Inc. v. Papa John's International, Inc.*, 227 F. 3d 489, 495 (5th Cir. 2000). Exhibit O, *Innovation Ventures, LLC v. Bhelliom Enterprises Corp.*, 529 Fed. Appx at 568. If a statement is misleading, a plaintiff must also show, through extrinsic evidence, not intuition or supposition, that the statement had an actual impact on consumers, that is, actual deception. *American Council of Certified Podiatric Physicians and*

19

*Surgeons v. American Board of Podiatric Surgery, Inc.*, 185 F. 3d 606, 613-614 (6th Cir. 1999); *Pizza Hut, Inc.*, 227 F. 3d 489 at 497; *Balance Dynamics Corp v. Schmitt Ind.*, 204 F. 3d 690 (6th Cir. 2000).  "… one of the key elements of a cause of action for misleading advertising under the Lanham Act is 'that there is actual deception or at least a tendency to deceive a *substantial portion of the intended audience*.' "   *American Council of Certified Podiatric Physicians and Surgeons*, 185 F. 3d at 616 citing *U. S. Healthcare, Inc. v. Blue Cross of Greater Philadelphia*, 898 F. 2d 914, 922 (3d Cir. 1990).  "A plaintiff relying on statements that are literally true but misleading 'cannot obtain relief by arguing how consumers **could** react; it must show how consumers **do** react.'"   *American Council of Certified Podiatric Physicians and Surgeons*, 185 F. 3d at 614, citing *Sandoz Pharmacy Corp. v. Richardson-Vicks, Inc.*, 902 F. 2d 222, 229 (3d Cir. 1990) (emphasis added).

Statements must be viewed in context in order to determine whether consumers will rely on them.  *Pizza Hut, Inc.*, 227 F. 3d 489 at 495.

A Lanham Act complaint must be based on a statement of objective fact, not opinion.  *Groden v. Random House, Inc.*, 61 F. 3d 1045, 1052 (2d Cir. 1995). "Bald assertions of superiority or general statements of opinion cannot form the basis of Lanham Act liability.  *Pizza Hut, Inc.*, 227 F. 3d 489 at 495-496.  Non-actionable statements of general opinion include "puffery" that is exaggerated

20

statements, boasting, and claims of product superiority on which no reasonable consumer would rely. *Pizza Hut, Inc.*, 227 F. 3d 489 at 496. "… non-actionable puffery comes in at least two possible forms: (1) an exaggerated, blustering, and boasting statement upon which no reasonable buyer would be justified in relying; or (2) a general claim of superiority over comparable products that is so vague that it can be understood as nothing more than a mere expression of opinion." *Pizza Hut, Inc.*, 227 F. 3d 489 at 497. General statements that one's product is better, the best, or superior constitutes mere trade puffery. Such statements are not actionable. *Pizza Hut, Inc.*, 227 F. 3d 489 at 498; Exhibit O, *Innovation Ventures, LLC*, 529 Fed. Appx. at 568.

In this case, the plaintiff has absolutely no evidence that any Bhelliom statements deceived anyone, let alone "a substantial portion of the intended audience." Exhibit D.

## NO LITERALLY FALSE STATEMENTS

A claim is literally false if it is untrue, viewed in its full context. *Castrol, Inc., v. Pennzoil Co.*, 987 F. 2d 939, 944-46 (3d Cir. 1993); *Southland Sod Farms v. Stover Seed Co.*, 108 F. 3d 1134, 1139 (9th Cir. 1997). A plaintiff must prove that a claim is actually false not merely that it is unsubstantiated by acceptable tests or other proof. *Sandoz Pharmaceuticals Corp. v. Richardson-Vicks, Inc.*, 902 F. 2d 222, 228 (3d Cir. 1990). The greater the degree to which a message relies upon

the viewer or consumer to integrate its components and draw the apparent

conclusion, however, the less likely it is that a finding of literal falsity will be

supported. "**Commercial claims that are implicit, attenuated, or merely**

**suggestive usually cannot fairly be characterized as literally false**." *United*

*Indus. Corp. v. The Clorox Co.,* 140 F. 3d 1175, 1181 (8th Cir. 1998) (emphasis

added).

In this case, the owners of Bhelliom approached Garden State Nutritionals

("GSN"), an expert in the formulation of nutritional supplements, and asked that

entity to create an energy product that would last for eight hours. Exhibit E, p. 41;

Exhibit F, pp. 37-39; Exhibit H; Exhibit I, pp 61-62. GSN is an expert in working

with its customers to achieve their goals. It has an experienced and qualified staff.

Exhibit J, GSN representations, and Exhibit I, Testimony of David Ohl, pp. 49-55.

Bhelliom asked GSN to develop a product that produced certain results, a boost of

energy that would last for 8 hours. The Bhelliom products contain GSN

proprietary ingredients, some of which are unknown to Bhelliom. Exhibit F, pp.

80-84; Exhibit E, pp. 77-82, 103. GSN never indicated that the products it

developed for Bhelliom were deficient or different in any way from what Bhelliom

requested. Exhibit H and Exhibit I, pp. 62-63. GSN was successful. The

McCarthy brothers and their friends and acquaintances tested the Bhelliom

products and were satisfied that the products performed. Exhibit E, pp. 74-75, 88-

91, 130, 150-151; Exhibit F, pp. 35-36; Exhibit L.  Reviews are favorable.  Exhibit K.  Bhelliom's customers are satisfied.  Exhibit L.  **Since DSHEA, a "federal statute," allows a marketer of dietary supplements to use personal experience, anecdotal evidence, reviews, reports and available literature to support product claims and descriptions, such evidence is not precluded by the rule against hearsay.  See F.R.E. 802.**

To the extent that Bhelliom's advertising statements or product names imply that its products can deliver a "maximum" (not a "minimum" or a "guarantee") of 8 hours of perceived energy, they are true.  The products contain caffeine and other ingredients in amounts sufficient to sustain "energy" for a "maximum" (again, not a "minimum") of 8 hours and possibly more.  Exhibits K, L, and M.  The half-life of caffeine alone can be as high as 9+ hours and it has been shown in authoritative clinical studies that even 100 mg can improve cognitive performance, improve vigilance, and improve the speed of reaction time.  Exhibit M.

### CONCLUSIONS

There is no likelihood of confusion between the plaintiff's and the defendant's pill or capsule products.  No reasonable, relevant consumer is confused between the name of the defendant's pill or capsule products, "Mr Energy® 8-HR Maximum Strength Energy", and the name of the plaintiff's products.  The defendant uses "HR" and "Energy" fairly and in good faith to describe its products.

23

It also uses "8-HR" to suggest that its products can help consumers navigate through an average working day.

Any implicit claims in the names of certain Bhelliom products, or in its advertising, that those products can deliver energy or a perception of energy for eight hours is "merely suggestive" and "attenuated" by the term "maximum." Therefore, they "cannot fairly be characterized as literally false." *United Indus. Corp. v. The Clorox Co.,* 140 F. 3d 1175, 1181 (8th Cir. 1998).

The defendant's advertisements, statements, and product names are either true or constitute mere exaggeration or puffing. The plaintiff has not sustained any harm whatsoever as a result of the defendant's advertising, statements, and product names. The Court should dismiss the plaintiff's claims.

## RELIEF REQUESTED

The defendant respectfully requests the relief described in the attached motion.

s/James K. Thome
James K. Thome
Vandeveer Garzia, PC
Attorneys for Defendant
1450 West Long Lake Road
Suite 100
Troy, MI 48098
(248) 312-2800
jthome@VGpcLAW.com
P25629

November 16, 2015

## LOCAL RULE CERTIFICATION

I, James K. Thome, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

s/James K. Thome
James K. Thome
Vandeveer Garzia, PC
Attorneys for Defendant
840 West Long Lake Road
Suite 600
Troy, MI  48098
(248) 312-2800
jthome@VGpcLAW.com
P25629

November 16, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2015 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    Marc Lorelli
    Thomas W. Cunningham
    Brian C. Doughty
    Mark A. Cantor

and I hereby certify that I have mailed by United States Postal Service the sealed Exhibit L to the above ECF participants.

                                    s/James K. Thome
                                    James K. Thome
                                    Vandeveer Garzia, PC
                                    Attorneys for Defendant
                                    840 West Long Lake Road
                                    Suite 600
                                    Troy, MI  48098
                                    (248) 312-2800
                                    jthome@VGpcLAW.com
                                    P25629

November 16, 2015